[L. A. No. 2510.   Department Two.—January 7, 1911.]

# WILLIAM MORGAN, Appellant, v. G. W. MYERS, Respondent.

MINING CLAIMS HELD IN COMMON—ASSESSMENT WORK MAY BE DONE ON ONE CLAIM—CONTIGUOUS CLAIMS.—Under section 2324 of the United States Revised Statutes, where several mining claims are held in common, the necessary annual assessment work to keep them all alive may be done on one of them; but this one expenditure of money or labor must equal in value that which would be required on all the claims if they were separate or independent. In such case, the claims must be contiguous, so that each claim thus associated may in some way be benefited by the work done on one of them.

ID.—WORK MUST BE ADVANTAGEOUS TO ENTIRE GROUP.—While work done even outside of contiguous claims may be credited to all of the properties, if for the benefit of all, it is necessary that that work shall at least be probably advantageous to all parts of the group.

ID.—PROOF OF BOUNDARIES OF LOCATION—NOTICE OF LOCATION.—Where the writer of the original notice of location of certain mining claims testified that the notice did not describe the claims as being together and touching, the question whether a purported copy of the notice which was introduced in evidence was sufficient to show the contrary, was for the trial court.

ID.—PROOF THAT CLAIMS ARE HELD AS GROUP.—The question whether several mining claims are held by the owner as a group calls for a mere conclusion rather than for a fact, and an objection thereto was properly sustained. Whether or not the claims were so held is best evidenced not by the intention of the witness, but by the location of the properties, and the kind, quality, and place of the work performed.

ID.—IDENTIFICATION OF POINTS OF CLAIM—CONCLUSION OF WITNESS.—A witness who is asked to identify on a map of certain mining claims points located by him, should confine his answers to the physical facts involved, and not state his conclusions from things he found on the ground.

ID.—OBJECTION TO EVIDENCE—GROUND OF OBJECTION MUST BE STATED.—In order to be available, an objection to a question asked a witness should specify some ground for the court's action. A mere suggestion by counsel that he did not think the question proper is insufficient.

ID.—DECLARATIONS OF PRIOR OWNER ADMISSIBLE.—In an action involving the determination of the question whether or not two mining claims were contiguous, declarations of a prior owner of the claims,

to the effect that there was unoccupied and unlocated ground be-
tween them is admissible, under section 1849 of the Code of Civil
Procedure.

APPEAL from an order of the Superior Court of River-
side County refusing a new trial. F. E. Densmore, Judge.

The facts are stated in the opinion of the court.

Palmer & Mahan, for Appellant.

John G. North, and Hunsaker & Britt, for Respondent.

MELVIN, J.—Action to quiet title to certain mining claims
in Riverside County. The answer disclaimed any interest of
defendant in certain of the claims, naming them, but asserted
defendant's ownership of two claims, the "Red Rose" and the
"Blue Jacket" and averred that these two claims contained
within their boundaries part of the property within the
limits of the "Desert Quail" and "Comstock" claims to
which plaintiff asserted ownership. There was also a cross-
complaint in which G. W. Myers's ownership and possession of
the "Blue Jacket" and the "Red Rose" claims were pleaded.
This cross-complaint contained the usual prayer that cross-
complainant's title to the property in question be quieted.
There was an answer to the cross-complaint controverting the
essential allegations therein, and upon the issues thus formed
the case was tried.

The court found for the defendant and cross-complainant
upon all the matters involved. This appeal is from the order
denying plaintiff's motion for a new trial.

Plaintiff's claim to the property in question is based pri-
marily upon locations made by James B. and William L.
McHaney and asserted title thus acquired to certain claims,
to wit: the "Desert Queen," the "Comstock," "Chief of the
Hills," "Dry Lake Valley," "Juniper," "Desert Chief," and
"Desert Quail." Respondent depends upon locations of the
two claims which he made after the "Comstock" and "Desert
Quail" had, according to his contention been abandoned. In
other words, respondent's position is this: That the "Red Rose"
and the "Blue Jacket" claims only encroach upon the "Com-
stock" and "Desert Quail" and that when they do so, his title

to the territory thus involved is good, because of plaintiff's previous abandonment of the older claims.

The first contention of appellant is that the evidence is insufficient to sustain the findings. In this we cannot agree with him. There was a sharp conflict in the testimony of surveyors and others who testified on behalf of the respective litigants, but it is not our function to reconcile this conflict if there is any evidence to support the findings. Mr. Loucks, a surveyor, testified to a measurement of the various claims involved in this discussion in accordance with the monuments indicated to him by one of the McHaney brothers, who were the original locators of the claims to which plaintiff asserted title. His map which was received in evidence thoroughly agreed with the defendant's assertions with reference to the territory involved, and the defendant and other witnesses corroborated him in several particulars. Evidently the court accepted this testimony as accurate and acted upon it. Respondent also introduced evidence tending to show that the "Blue Jacket" and "Red Rose" were located by him in 1906 and that he duly performed the necessary assessment work on these claims. There was also evidence tending to show that no work had been done upon the "Comstock" and the "Desert Quail" since 1904.

The principal point of controversy in the case is this: Plaintiff and appellant contends that all of the claims mentioned in his complaint are contiguous; that they constitute a group; and that consequently work done upon one or more of them should be counted as for the benefit of all. In support of this position it was shown that very extensive operations had long been in progress on the "Desert Queen" claim and some others. Respondent on the other hand asserts that appellant's claims are not contiguous, and that in any event the work done by appellant on the "Desert Queen" and the "Chief of the Hills" was not for the benefit of the claims involved in this controversy. Section 2324 of the Revised Statutes [U. S. Comp. Stats. 1901, p. 1426], contains the following provision:—

"On each claim located after the tenth day of May, 1872, and until a patent has been issued therefor, not less than one hundred dollars' worth of labor shall be performed or improvements made during each year. . . . But where such claims are held in common, such expenditure may be made

upon any one claim; and upon a failure to comply with these conditions, the claim or mine upon which such failure occurred shall be open to relocation in the same manner as if no location of the same had ever been made, provided that the original locators, their heirs, assigns, or legal representatives, have not resumed work upon the claim after failure and before such location. . . . Provided that the period within which the work required to be done annually on all unpatented mineral claims shall commence on the 1st day of January succeeding the date of location of such claim."

The rule with reference to the performance of work under the above-quoted section is well stated in *Chambers* v. *Harrington*, 111 U. S. 350, [4 Sup. Ct: 428, 28 L. Ed. 452] :—

"When several claims are held in common, it is in the line of this policy to allow the necessary work to keep them all alive, to be done on one of them. But obviously on this one the expenditure of money or labor must equal in value that which would be required on all the claims if they were separate or independent. It is equally clear that in such case the claims must be contiguous, so that each claim thus associated. may in some way be benefited by the work done on one of them."

While it may be conceded that work done even outside of contiguous claims may be credited to all of the properties, if for the benefit of all, it is necessary that that work shall at least be probably advantageous to all parts of the group. Evidently the opinion of the court in this case was that the work on the "Desert Queen" and "Chief of the Hills" had no relation to the "Comstock" and the "Desert Quail." There was evidence of the surveyor and others that appellant's claims were not contiguous in the sense of being attingent. Joseph Toutain testified to admissions on the part of the original locators that there was unclaimed and unoccupied ground between the "Comstock" and the "Desert Queen." The fact that they were, according to some of the evidence, separated by a ravine perhaps had some effect in leading the court to the conclusion that work upon one would not naturally benefit or have a tendency to uncover the minerals in the other. This deduction might also be reached from other testimony regarding the topography of that region.

Appellant lays great stress upon a notice of location a pur-

ported copy of which was introduced in evidence. It is asserted that by this notice one of the original locators described the "Desert Queen" and the "Comstock" as being together and touching, but on the witness stand the writer of the original notice said "it did not read that way." Whether the notice was sufficient to overthrow this testimony was a matter not for this court, but the trial court. This disposes of the main point in the case. Our attention has been called, however, to certain alleged errors of law occurring at the trial.

Appellant while on the stand was asked to state whether or not these mines had been held by him as a group. Mr. North objected upon the ground that a conclusion of the witness was called for rather than a fact, and that the matter in issue was what work had been done there; what witness's holding or possession consisted of, and where the work was done. The court sustained this objection, and we think this ruling was correct. Whether or not the claims were held as a group was best evidenced not by the intention of the witness, but by the location of the properties and the kind, quality, and place of the work performed. Mr. Halliday, a civil engineer, who testified on behalf of appellant was asked the following question: "Is there any other point or are there any other points on the map that you are able to locate definitely from information that you received or from other points that you have and tell what they are?" He began his answer as follows: "From the location notices and notice on the Victoria, a description of it, I was able to locate, to my own satisfaction, both the northwesterly and southwesterly corners of the Victoria and from that to determine—" and at this point the objection was made that the witness should not state a conclusion from things he found on the ground. The court in sustaining this objection said: "That would substitute his judgment for that of the court." In view of the scope of the question, we think that the ruling was entirely correct. The use of the words "to my own satisfaction" by the witness indicates that he was testifying to his conclusion rather than to any physical facts involved.

A. R. Fabun, a witness who testified on behalf of defendant, was asked whether from an examination of a map, introduced as one of defendant's exhibits, he could recognize the "Desert Queen" mining claim and the "Comstock" mining claim. To this the following objection was interposed: "I

object to the question for the reason that he is asking him whether he recognizes certain mining claims, and I presume that the question ought to be a different one. I don't think that is proper." The objection was overruled, and this was assigned as error by appellant. While the question was perhaps improper, the objection was not of a kind to call the court's attention particularly to the vice of the interrogatory. In fact there was no ground stated in the objection. It amounted to nothing more than a suggestion to the court that the question ought to be a different one. In order to be available, the objection should have specified some ground for the court's action, and as no such reason was advanced there was no error in the ruling.

Appellant excepted to the action of the court in permitting witness Fabun to testify that at a time when James B. McHaney held title to the "Comstock" and the "Desert Queen" he admitted that there was unoccupied and unlocated ground between these two claims. We think such evidence was clearly relevant under section 1849 of the Code of Civil Procedure which is as follows: "Where, however, one derives title to real property from another, the declaration, act, or omission of the latter, while holding the title, in relation to the property, is evidence against the former." While it is true that the declaration of McHaney did not apply directly to his own property it did apply to the limitations of his own claims and the matter of their contiguity. In that respect it was a declaration with reference to his properties.

We find no other alleged errors that require special attention.

From the foregoing discussion it follows that no material error appears, and, therefore, the order from which appeal is taken is sustained.

Henshaw, J., and Lorigan, J., concurred.

Hearing in Bank denied.