[Civ. No. 2631. Third Appellate District.—June 18, 1923.]

## BENJAMINE G. REEDER, Respondent, v. L. J. MILLS, Appellant.

[1] MINING LAW — LOCATION BY ASSOCIATION OF PERSONS — ASSESS-MENT WORK.—A placer mining claim containing one hundred and thirty acres, and which is located by an association of seven persons as a single claim, initiated by a single notice of location, is but one location and the only assessment work required to be done is that for one location.

APPEAL from a judgment of the Superior Court of Siskiyou County.  C. J. Luttrell, Judge.  Affirmed.

The facts are stated in the opinion of the court.

B. K. Collier and Jas. D. Fairchild for Appellant.

Horace V. Ley and Clifford E. Butler for Respondent.

FINCH, P. J.—Plaintiff was given judgment quieting his title to a certain mining claim known as the "Reeder Placer Mine," containing 130 acres, and the defendant has appealed.

[1] The claim was located in the year 1913 by an association of seven persons. The locators subsequently conveyed to plaintiff. In the year 1921 another association of persons posted a notice of location of the same claim. Defendant Mills claims title under the later location. The only question raised by the appeal is whether plaintiff failed to do the required amount of assessment work during the year 1920. Plaintiff testified that the value of such work was $602.50.

Appellant contends that the location consisted of eight contiguous claims and that the required annual expenditures thereon amounted to the sum of $800, citing *Morgan* v. *Myers,* 159 Cal. 187 [113 Pac. 153]. The pleadings and the evidence clearly show, however, that the land described

1. Character of work or expenditures which may be credited to annual assessment or improvement on mining claims, note, 14 A. L. R. 1463.

in the complaint is a single claim, initiated by a single notice of location. Section 2324 of the Revised Statutes of the United States (U. S. Comp. Stats., sec. 4620), among other things provides: "On each claim located after the tenth day of May, eighteen hundred and seventy-two, and until a patent has been issued therefor, not less than one hundred dollars' worth of labor shall be performed or improvements made during each year." In Lindley on Mines, second edition, section 628, it is said: "A location by an association of persons, embracing more than twenty acres, may undoubtedly be perpetuated by the performance of the same amount of labor required of an individual locator. . . . While this suggests an inequality of burdens, it is, in our judgment the only consistent method of construing the statute." In *Miller* v. *Chrisman,* 140 Cal. 440, 449 [98 Am. St. Rep. 63, 73 Pac. 1083, 1085], it is said: "A location made by an association of persons, by the very terms of the law, is one location covering one hundred and sixty acres, and not eight locations, each covering twenty acres. . . . The expenditure of five hundred dollars before patent issues is an expenditure required upon the whole land, and not an expenditure upon the twenty-acre subdivisions thereof, and the only assessment work required is labor to the value of one hundred dollars upon the single location." (See, also, *McDonald* v. *Montana Wood Co.,* 14 Mont. 88 [43 Am. St. Rep. 616, 35 Pac. 668].)

The judgment is affirmed.

Burnett, J., and Jones, J., *pro tem.,* concurred.