No. 13454

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

AL DYKSTERHOUSE,

Plaintiff and Respondent,

-vs-

M. A. DOORNBOS,

Defendant and Appellant.

---

Appeal from: District Court of the Eighteenth Judicial District, Honorable Frank E. Blair, Judge presiding.

Counsel of Record:

For Appellant:

Bolinger and Wellcome, Bozeman, Montana
Harry A. Bolinger argued, Bozeman, Montana

For Respondent:

Holter, Heath and Kirwan, Bozeman, Montana
Peter M. Kirwan argued, Bozeman, Montana

---

Submitted: April 19, 1977

Decided: MAY 2 5 1977

Filed: MAY 2 5 1977

Thomas J. Kearney
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

Action by buyer against seller to enforce specific performance of a contract to sell a tract of land in Belgrade, Montana. The district court of Gallatin County, Hon. Frank E. Blair, district judge presiding without a jury, entered judgment for buyer. Seller appeals.

The defendant-seller contends: (1) That no complete contract, oral or written, was ever entered into; (2) that the contract is unenforceable under the statute of frauds; (3) that the buyer did not install and pay for a sewer line across the property in reliance on the alleged contract and thus did not change his position to his prejudice.

The plaintiff-buyer contends: (1) That the parties entered into a contract to sell and buy approximately 25 acres of land at $2,000 per acre with 29% down with the balance at 6% interest payable in monthly installments over 10 years; (2) that four different writings together satisfy the statute of frauds; (3) that partial performance takes the contract out of the statute of frauds; and, (4) equitable estoppel bars the defense of the statute of frauds.

The district court, Gallatin County, Honorable Frank E. Blair sitting without a jury, entered findings of fact, conclusions of law, and judgment for the plaintiff-buyer decreeing specific performance. Defendant-seller appeals.

The contentions of the parties can be reduced to essentially two issues: (1) Whether the evidence supports a finding of a final agreement to buy and sell land, and (2) whether that agreement is unenforceable under the statute of frauds.

The tract of land in question is located at Belgrade, Montana. Plaintiff desired the land so he could construct an outfall sewer across the tract from a small subdivision to the

new city sewer system of Belgrade. Apparently the other alternatives of a more circuitous route and a pump station were less workable for engineering reasons.

In July, 1974, defendant had offered to sell the land to plaintiff and on August 29 he went to plaintiff's residence and again offered to sell the tract of land. Later that day the parties together with plaintiff's son went to an attorney's office seeking his advice. The district court found that at the attorney's office the parties agreed to buy and sell the land on the following terms: the price would be $2,000 per acre; down payment of 29% was to be paid upon delivery of title insurance policy; the balance was to be payable over 10 years in equal monthly payments with interest at 6%, secured by real estate mortgages owned by plaintiff to be pledged in escrow with the Manhattan State Bank with instructions to pay the monthly payments out of the proceeds. The court found the parties intended to bind themselves to the agreement by executing and accepting a check for $5,000 earnest money. The acreage and total purchase price were to be determined by a survey of the tract to be done by James Cummings, land surveyor. The survey determined the acreage to be 23.129 acres and therefore the total purchase price was $46,258. In addition, the buyer was to grant a right-of-way for a sewer across the tract for defendant's residence adjacent to the tract and to install a sewer hookup for the residence.

The court's findings of an agreement to buy and sell and its specific terms are supported by the testimony of James Cummings, the surveyor; the attorney who had been called on for advice and witnessed some of the negotiations; and Hank Dyksterhouse, plaintiff's son.

Defendant Doornbos' testimony differs in that he contends they agreed on a price but were unable to agree on the terms of payment as to interest, length of time to pay the balance, and

- 3 -

security for the deferred payments. It could be argued his testimony is corroborated by the attorney because he was uncertain of the agreement on those terms. The attorney was not retained by either party to draft an agreement, and the terms were never reduced to a formal written contract signed by the parties.

We find that although the evidence is conflicting there is substantial credible evidence in the record to support the court's findings of an agreement to buy and sell the land and the terms thereof. Therefore, they must be upheld on appeal. Hellickson v. Barrett Mobile Home Transp., 161 Mont. 455, 462, 507 P.2d 523, states that even if the testimony were directly conflicting:

> " * * * We cannot retry factual determinations
> made by the trial court."

The next issue is whether the statute of frauds bars enforcement of the agreement.

The statute of frauds provides that no agreement for the sale of real property is valid unless the same, or some note or memorandum thereof, be in writing and subscribed by the party to be charged; but this does not abridge the power of any court to compel the specific performance of any agreement for the sale of real property in case of part performance thereof. Sections 74-203, 13-606(4), and 93-1401-7(4), R.C.M. 1947.

The rule of part performance applicable under the statute now codified as section 74-203, is stated in Hogan v. Thrasher, 72 Mont. 318, 328, 233 P. 607, quoting from 27 C.J. 343:

> "'Where one party to an oral contract has, in
> reliance thereon, so far performed his part of
> the agreement that it would be perpetrating a
> fraud upon him to allow the other party to re-
> pudiate the contract and to set up the statute
> of frauds in justification thereof, equity will
> regard the case as being removed from the oper-
> ation of the statute and will enforce the contract

- 4 -

by decreeing specific performance of it, or
by granting other appropriate relief.' * * *
(Citing cases.)

"While there is not any hard-and-fast rule for
determining just what acts will constitute part
performance sufficient to take a case out of the
operation of the statute, the authorities are
practically all agreed that 'if possession taken
in pursuance of the contract is followed by the
making of valuable improvements on the land by
the vendee, there is a sufficient part performance.'"

Also see Kettlekamp v. Watkins, 70 Mont. 391, 399, 225
P. 1003, where taking possession and making alterations of the
property and paying the rent agreed upon for a considerable
period, under the overwhelming weight of authority, took an oral
lease out of the statute of frauds.

In this case on August 29, the parties together with
Hank Dyksterhouse went to the offices of Mr. Cummings, the surveyor.
On a plat showing the land, defendant indicated the boundaries
of the tract as Mr. Cummings marked them on the plat. Defendant
told Mr. Cummings he had sold the tract to plaintiff and directed
him to make a survey of it and prepare a certificate of survey.

Mr. Cummings and the parties then discussed the location
of the sewer line plaintiff intended to build and the location
of the sewer right-of-way to be granted back to defendant. At
this time defendant knew the location of the proposed sewer line
and made no objection. Shortly thereafter Mr. Cummings' employees
made the survey, prepared the certificate of survey, and laid
out the sewer location on the ground.

Early in September plaintiff entered into possession and
began construction of the sewer line. It was completed October 5.
The line lying across the tract cost over $6,000 and the cost of
the whole line was over $7,000. As constructed it contained
hookups for future homes and a hookup installed for defendant's
use.

While the sewer line was being constructed defendant

- 5 -

lived in the immediate vicinity and had actual knowledge thereof. At no time during the construction did he object or attempt to stop construction of the sewer line; nor did he ever inform plaintiff he was dissatisfied with its location. It was only after the sewer had been constructed that defendant repudiated his contract and refused to perform.

These fact findings by the district court show sufficient part performance to remove the agreement from the bar of the statute.Hogan v. Thrasher, supra; McIntyre v. Dawes, 71 Mont. 367, 376, 229 P. 846; Cobban v. Hecklen, 27 Mont. 245, 70 P. 805.

Each of the findings of fact heretofore stated is supported by substantial credible evidence and testimony in the record and must be upheld on appeal. Hellickson, supra. On this basis the judgment must be affirmed.

Defendant's testimony reveals dissatisfaction concerning the location of the sewer line. He claims its location prevents him from utilizing the sewer line for homesite development on his remaining property along the boundary of the tract sold. Whatever his hopes may have been, there is nothing other than his testimony to indicate the bargain was otherwise. It appears Mr. Cummings had done other work for both men, that they both trusted him, and that they left it to him to locate the sewer in the best place. Cummings was also the engineer for the City of Belgrade which was concerned with getting the subdivision connected to the city sewer system. There is no complaint as to Mr. Cummings' work.

Under the circumstances defendant's argument concerning who paid for the sewer construction and what plaintiff's financial arrangements were with his son for its payment is irrelevant. The fact remains that it was built and the land improved by the plaintiff in reliance upon the oral agreement to buy and sell the land.

- 6 -

Having determined that part performance takes the contract out of the statute of frauds, it is unnecessary to determine whether or not the earnest money check endorsed by defendant, the engineer's plat on which defendant indicated the tract sold, the certificate of survey, and the attorney's notes, together, satisfy the statute of frauds under our decision in Anderson v. KFBB Broadcasting Corp., 143 Mont. 423, 391 P.2d 2. Plaintiff's argument on estoppel is essentially covered by our discussion of the part performance exception to the statute of frauds.

Judgment affirmed.

_____
Frank I. Haswell
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices