No. 13329

IN THE SUPREME COURT OF THE STATE OF MONTANA

1977

---

VIRGINIA NOLL, et al.,

Plaintiffs and Appellants,

-vs-

THE CITY OF BOZEMAN, an incorporated
municipality and WALTER L. BATES,

Defendants and Respondents.

---

Appeal from:  District Court of the Eighteenth Judicial District,
Honorable W. W. Lessley, Judge presiding.

Counsel of Record:

For Appellants:

McKinley Anderson, Bozeman, Montana
Murphy, Robinson, Heckathorn and Phillips, Kalispell,
Montana
Douglas Dasinger argued, Kalispell, Montana

For Respondents:

Brown, Pepper and Kommers, Bozeman, Montana
Anderson, Symmes, Forbes, Peete and Brown, Billings,
Montana
Richard Cebull argued, Billings, Montana

---

Submitted:  April 20, 1977
Decided:  JUN - 2 1977

Filed:  JUN - 2 1977

Thomas J. Kearney
Clerk

Mr. Justice Frank I. Haswell delivered the Opinion of the Court.

Plaintiffs appeal from a jury award of damages resulting from an automobile accident.

Plaintiffs were injured on August 17, 1973, when a street pavement roller operated by Bates in the scope of his employment by the City of Bozeman struck the back of a parked car in which plaintiffs were sitting. Defendants admitted liability. The sole issue at the trial was the amount of damages to be awarded plaintiffs.

The jury returned a verdict of $800 for Noll and $1,100 for Keneady. Both plaintiffs appeal, claiming the awards are inadequate. They both claim injuries to their back and neck. In addition, Noll claims aggravation of a pre-existing arthritic condition and Keneady claims aggravation of a neurotic condition in addition to damage to the car owned by her.

Two issues are presented for review on appeal:

(1) Was refusal of plaintiffs' offered instruction No. 5 reversible error?

(2) Was the evidence sufficient to support the verdict?

Plaintiffs' offered instruction No 5 reads:

"You are instructed that the negligence of the Defendant need not be the sole cause of the injury, it being sufficient that it was one of the efficient causes thereof, without which the injury would not have resulted; but it must appear that the negligence of the person sought to be charged was responsible for at least one of the causes resulting in the injury."

For supporting authority plaintiffs cite Fletcher v. City of Helena, 163 Mont. 337, 344, 517 P.2d 365. They argue it was critically important the jury understand that if the accident was one of the causes of plaintiffs' condition, then defendants would be liable; and that it was not necessary defendants be the sole cause. Further, they contend that an

- 2 -

apportionment of damages between the prior condition and aggravation caused by defendants can only be made where there is a logical basis for such apportionment. Otherwise, where no basis can be found, such a division would be arbitrary and the only practical course would be to hold defendants liable for the entire loss notwithstanding the fact that other causes may have contributed to such loss. Kegel v. United States, 289 F.Supp. 790 (1968). Finally, they submit the jury was misled by the failure of the court to allow their proposed instruction No. 5, especially in view of defendants' cross-examination tending to point to other possible causes of plaintiffs' condition.

We disagree. The point was adequately covered by plaintiffs' offered instruction No. 6 given by the court. This instruction reads:

> "In an action for damages for personal injuries caused by the wrongful act or omission of another, the injured person is entitled to full compensation for all injuries proximately resulting from the defendant's act even though such injuries may have been aggravated by reason of her pre-existing physical condition and were rendered more difficult to cure by reason of her existing state of health, or because of a latent disease the injuries were rendered more serious to her than they would have been had she been in robust health.
>
> "The Defendant cannot invoke the previous condition of the person injured for the purpose of escaping the consequences of his own negligence or reducing the damages for which he is liable, but of course there can be no recovery for any elements due to the pre-existing condition and in no way resulting from the injury. The recovery in such case should include no damages for injuries which result purely from the original condition. It must be confined to those which are due to its enhancement and aggravation. The defendant must respond in damages for such part of the diseased condition as his negligence has caused, and if there can be no apportionment, or it cannot be said that the disease would have existed apart from the injury, then he is responsible for the diseased condition. But where the disease is more than a mere latent tendency the defendant can be held liable only to the extent that her negligence proximately aggravated the condition."

- 3 -

This instruction adequately covers the law relating to plaintiffs' theory of damages. Accordingly, refusal of plaintiffs' offered instruction No. 5 was not error.

Directing our attention to the sufficiency of the evidence to support the damage awards, we note that plaintiffs argue their evidence is essentially uncontradicted because defendants presented no medical witnesses and that their evidence proves damages far in excess of the amounts awarded by the jury.

Noll argues the evidence shows she had to resign her teaching position on her doctor's recommendation because of the pain she was suffering in areas that had never bothered her before the accident; that she had been making $12,000 per year; that at the time of trial she had actual wage loss of $7,200; that being 55 years of age she would have a future loss of wages for 10 more working years of at least $12,000 per year; and that she had medical expenses of $512.87 besides pain and suffering, all as a result of the accident.

Keneady argues the evidence shows that she had medical expenses in excess of $100; that she lost 13 weeks work totaling $2,067; and that property damage to her car amounted to $306.56; besides pain and suffering, all as a result of the accident.

This case is very similar to Holenstein v. Andrews, 166 Mont. 60, 530 P.2d 476, where a verdict for plaintiff of zero damages was affirmed under similar contentions.

On appeal we must review the evidence in the light most favorable to the prevailing party in the district court. Holenstein, supra. Further, the jury may accept testimony of a witness in whole or in part or may reject it altogether. Ibid. The jury was so instructed by the usual omnibus instruction given by the court without objection:

> "In weighing the testimony of any witness you
> should take into account his interest or want of

- 4 -

interest in the result of the case, his appearance
upon the witness stand, his manner of testifying,
his apparent candor or want of candor, and whether
he is supported or contradicted by the facts and
circumstances as shown by the evidence.  You have
a right to believe all the testimony of a witness
or believe it in part and disbelieve it in part,
or you may reject it altogether as you may find the
evidence to be.  You are to believe as jurors under
the instructions of this Court and the evidence
what you would believe as men and women, and there
is no rule of law which requires you to believe as
jurors what you would not believe as men or women."

Defendants were able on cross-examination to deflate the thrust of plaintiffs' testimony and thus show plaintiffs' injuries attributable to the accident were perhaps minimal.  The cross-examination revealed that perhaps Mrs. Noll's resignation from her teaching position was motivated by her marriage and resulting move to Arizona.  Her medical testimony under cross-examination was equivocal concerning whether her present difficulties were a result of a progression of her prior condition notwithstanding the accident.

As to plaintiff Keneady, her testimony under cross examination was similarly equivocal concerning whether her difficulties and job loss were attributable to the accident or independent emotional problems.  At the time of the accident she was suffering from continuing emotional problems brought on by concern with her home, family and advancing age.  She had suffered a nervous breakdown years earlier and her testimony would support a jury finding that her difficulties were the result of a continuing emotional condition.  Also several years earlier she had suffered a spinal strain similar to that complained of here.

The testimony of the driver of the pavement roller and of the investigating police officer was introduced tending to show the car had not been moved by the impact of the collision.  Although this is in conflict with the two plaintiffs' testimony that the car had been jolted forward 2 or 3 feet, the evidence is

- 5 -

capable of supporting the conclusion that the occupants could not have suffered a very severe whiplash.

In summary the jury weighed the positive statements of the witnesses against the adverse circumstantial evidence and equivocating testimony revealed on cross-examination and found the damages attributable to the admitted negligence of the defendants were much less than claimed. We cannot retry factual determinations made at trial. Dyksterhouse v. Doornbos,____ Mont.____, ____P.2d____, _34_St.Rep._415_, (decided May 25, 1977), quoting Hellickson v. Barrett Mobile Home Transp., 161 Mont. 455, 462, 507 P.2d 523. We find sufficient evidence in the record to support the amount of damages awarded.

Judgment affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices