MR. JUSTICE HARRISON
delivered the Opinion of the Court.
This appeal arises from a negligence action against Lincoln County Title Company. Judgment was entered in the District Court of Lincoln County against Lincoln County Title Company alone following a trial by jury. Lincoln County Title Company appeals. We reverse and remand for a new trial.

Issues

(1) Whether plaintiff failed to establish a prima facie case of negligence in the absence of expert testimony on the standard of care required of a title insurance company?
*3 (2) Whether the verdict and judgment against Lincoln County Title Company was contrary to law and the evidence?
(3) Whether it was error for the District Court to refuse Lincoln County Title’s proposed instructions No. 37 and No. 39.

Facts

John W. Doble and his wife, Joyce L. Doble, plaintiffs below and respondents herein, jointly owned substantial tracts of real estate in Lincoln County, Montana. Doble’s father, John H. Doble, owned other tracts in the same vicinity. In 1966 all of the Dobles brought a quiet title action in the Eleventh Judicial District in Lincoln County, the results of which can be found in Doble v. Talbott (1979), 180 Mont. 166, 589 P.2d 994. In that action, evidence of separate ownership was presented by the parties, i.e. father’s ownership separate from son’s ownership. The District Court granted judgment for the Dobles in their quiet title action on January 6, 1967, but failed to indicate separate ownership of the tracts in the decree.
In 1975 all the Dobles negotiated to sell their properties to a group from Ohio known as the Amish and a commitment for title insurance was ordered from Lincoln County Title Company, a local agent for Safeco Title Insurance Company.
The title commitment was issued April 30, 1975, containing no reference to the 1966 quiet title action or decree of 1967.
In 1977 a federal court judgment was entered in a wrongful death case against, the elder Doble and a writ of execution was levied on all the Doble property. The young Dobles became understandably excited and filed a motion to amend the 1967 judgment nunc pro tunc to reflect the separate ownership. The Nineteenth Judicial District court granted that motion the same day.
This appeal stems from a case brought against Lincoln County Title and Safeco Title Insurance Company of Idaho to recover, inter alia, attorney’s fees incurred by Dobles in the nunc pro tunc action. The theory of recovery was that the defendants were negligent in 1975 when the title commitment for sale of the property to the Amish was issued without setting up the 1967 quiet title decree as an exception.
At the trial below, plaintiffs produced extensive testimony as to the work done in the nunc pro tunc action but no expert testimony as to the standard of care required of a title insurance company. Defendants, however, produced two witnesses, both attorneys, who *4 testified as experts that title standards were not violated in 1975 by issuance of the title commitment without reference to the 1967 title quiet decree.

Expert Testimony

Whether plaintiff failed to establish a prima facie case of negligence in the absence of expert testimony on the standard of care required of a title insurance company?
While expert testimony has been required in Montana in various medical, dental and drug manufacturing cases, no rule has been established in Montana with regard to title insurers.
In his treatise on torts, Prosser described the standard of care on the part of various professional people:
“Professional men in general, and those who undertake any work calling for special skill, are required not only to exercise reasonable care in what they do, but also to possess a standard minimum of special knowledge and ability. Most of the decided cases have dealt with physicians and surgeons but the same is undoubtedly true of dentists, pharmacists, attorneys, architects and engineers, abstracters of title, and many other professions and even skilled trades.” (Emphasis added.) William L. Prosser, Law of Torts, 4th Ed. (1971), pp. 161-2.
In Montana we have applied similar reasoning in Hill v. Squibb and Sons (1979), 181 Mont. 199, 592 P. 2d 1383. This Court required expert testimony on the question of the adequacy of warning on a drug product and stated:
“There are no Montana cases specifically holding that a plaintiff must produce expert testimony to sustain an action against a drug company for failure to warn adequately of side effects of its products. There are, however, numerous Montana decisions to the effect that, in a malpractice suit against a doctor or dentist, expert evidence is the only proper guide and without it a plaintiff cannot recover. (Cases cited.) We hold that the reasoning of these decisions extends to the situation involved here.
“In matters ‘with respect to which a layman can have no knowledge at all, the court and jury must be dependent on expert evidence.’ Callahan [v. Burton], 157 Mont. [513] at 520, [487 P.2d 515],” (181 Mont. at 207, 592 P.2d 1383.)
So far as the title insurance company is concerned, the duty in passing on title to real property is similar to a lawyer’s duty in the exam *5 ination of title from a review of the abstract. That duty is summarized in Clinton v. Miller (1951), 124 Mont. 463, 483-84, 226 P.2d 487, as follows:
“It is the function of an attorney at law retained to pass upon a title to determine from the abstract, or from the original records and instruments, if his employment extends to them, where the title rests, and what liens or encumbrances, if any, exist against the property involved. An attorney so employed must be held to have undertaken to use a reasonable degree of care or skill and to possess to a reasonable extent the knowledge requisite to a proper performance of his duties and he will be held liable to his client for injury resulting as a proximate consequence from the want of such knowledge and skill or from the failure to exercise such care. Such title examiner should be familiar with the statutes and decisions of his own state and he must apply the settled rules of law that should be known to all conveyancers.”
The plaintiffs failed to present expert testimony with regard to the title standard which they contended the title insurance company must meet; or evidence that their expert witnesses qualified by training and experience to know what the standard was; and that the defendant title insurance company violated the applicable standard.
We hold that the reasoning of the foregoing authorities is applicable here and that the plaintiffs must produce expert testimony to establish the standard of care required of a title insurance company. Title examination is complex and intricate and beyond the common understanding of lay persons. In the absence of such expert testimony, we further hold that the plaintiff failed to establish a prima facie case of negligence in the violation of a standard of care required of a title company.

The Agency Relationship

Whether the verdict and judgment against Lincoln County Title Company was contrary to law and the evidence?
Here, the agreed facts as between the parties were contained in a pre-trial order which in part stated:
“3. Lincoln County Title Company is a Montana corporation which was, at the time of the issuance of the title insurance commitment and the title insurance policy referred to in the Complaint, an agent for the purposes of selling title insurance of The Title Insurance *6 Company, an Idaho corporation, and of Safeco Title Insurance Company of Idaho.”
In addition, the transcript shows that Lincoln County Title Company at all times was acting as the agent of defendant Safeco Title Insurance Company of Idaho.
In substance, instruction No. 16 told the jury that a principal is bound by the acts of his agent.
We hold that the verdict and judgment against Lincoln County Title Company only is not supported by the evidence. A new trial is required.

Refused Instructions

Whether it was error for the District Court to refuse Lincoln County Title’s proposed instructions No. 37 and No. 39?
These offered instructions are as follows:
“No. 37: An abstracter has the duty to properly search the public record and find all documents that may affect the title to the property.
“No. 39: Plaintiffs must prove each of the following allegations by a preponderance of evidence in order to recover from Defendants:
“1. That Plaintiffs ordered a preliminary title commitment from Defendants.
“2. That Plaintiffs relied on the preliminary title commitment for purposes other than closing the sale between Plaintiffs and the Amish.
“3. That Defendants knew or should have known that Plaintiffs would so rely on the preliminary title commitment.
“4. That Defendants had a duty to Plaintiffs to properly search the public record and list all items that have an effect on the record title.
“5. That Defendants failed to list quiet title action cause No. 4447.
“6. That the failure to list quiet title action cause No. 4447 was negligence.
“7. That Plaintiffs suffered damages.
“8. That the damages were proximately caused by Defendants’ negligence.”
Because this case is being sent back for new trial, it is important to rule upon these instructions. The defendant Lincoln County Title Company is entitled to adequate instructions on its theory of *7 the case. As stated by this Court in Wollan v. Lord (1963), 142 Mont. 498, 504, 385 P.2d 102:
“A trial judge will not be held in error for refusing to give instructions where the subject has been adequately covered by other instructions, ... or where it is not applicable to the pleadings and the evidence . . . However, a party has a right to have instructions given which are adaptable to his theory of the case . . . especially where, as here, the refusal of the instructions deprived the appellant of a possible defense. This was prejudicial error . . . .”
The proposed instructions correctly set forth the theory of the Lincoln County Title Company and should be given upon request at retrial.
We reverse the District Court and order a new trial.
MR. JUSTICE WEBER and the HON. CHAN ETTIEN, District Judge, sitting for MR. JUSTICE MORRISON, and the HON. JOHN S. HENSON, District Judge, sitting for MR. CHIEF JUSTICE HASWELL concur.