No. 96-072

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

MARLEN G. SAVIK, an individual
and JACK W. PIIPO, an individual,

      Plaintiffs and Appellants,

  v.

ENTECH, INC., a Montana Corporation;
MICHAEL J. MELDAHL, an individual;
and DOES 1-100, inclusive,

      Defendants and Respondents.

FILED

SEP 12 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Fourth Judicial District,
              In and for the County of Missoula,
              The Honorable Ed P. McLean, Judge presiding.

COUNSEL OF RECORD:

     For Appellants:

         Donald V. Snavely; Snavely Law Firm, Missoula
         Montana

         Cynthia K. Smith; Cederberg, Shott & Smith,
         Missoula, Montana

     For Respondents:

         Terry J. MacDonald; Garlington, Lohn & Robinson,
         Missoula, Montana

         Patrick T. Fleming, Attorney at Law, Butte, Montana

Submitted on Briefs:  August 8, 1996

Decided:  September 12, 1996

Filed:

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

Marlen G. Savik and Jack Piippo (Savik and Piippo) appeal from the jury verdict of the Fourth Judicial District Court, Missoula County, denying their request for damages for breach of contract. We affirm in part, reverse in part and remand.

For purposes of this decision, this Court will discuss only the following dispositive issues:

1)  Did the District Court err in dismissing Savik and Piippo's breach of contract claim?

2)  Did the District Court err in instructing the jury on parol evidence when Savik and Piippo sought recovery under a theory of fraudulent inducement?

## BACKGROUND

In 1983, Savik and Piippo organized Touch America, Inc., a long distance telephone company with services in Montana. In May of 1990, Savik and Piippo were the sole stockholders and principal officers of Touch America and were in control of all of its operations. Entech is a Montana corporation that has owned and operated various non-utility businesses including businesses involved in communications technology. On May 15, 1990, Savik and Piippo entered into a written contract with Entech for the sale of all of the assets of Touch America. During negotiations and following the negotiation period, Entech's Vice President, Michael J. Meldahl (Meldahl) was the chief negotiator for Entech. Following negotiations, Entech purchased all of Touch America's assets pursuant to a written sale agreement.

2

The Sale Agreement (Agreement) set forth a variable sale price consisting of a $1.15 million down payment, plus a distribution to Savik and Piippo of twenty percent of the net profits of the business generated during the first five years after the sale. The net profits distribution had a maximum payment of $783,545.

The Agreement also required that Savik and Piippo be permitted to work for Entech for three years after the sale of Touch America. The Agreement stated that Savik and Piippo would "be entitled to those benefits that are afforded to other employees under Entech's employment policies." In accordance with the Agreement, Savik and Piippo worked for Entech for three years prior to their termination.

In 1993, Savik and Piippo brought an action in District Court claiming damages based on two theories. First, Savik and Piippo claimed that Entech breached the Agreement by terminating their employment after three years. Second, Savik and Piippo claimed that they were fraudulently induced into entering the Agreement. The District Court granted summary judgment dismissing Savik and Piippo's claims of breach of contract finding that the express terms set forth in the contract were clear and the parol evidence rule barred consideration of the oral communication between Meldahl and Savik and Piippo. Therefore, the only remaining issue before the District Court was whether Entech fraudulently induced Savik and Piippo into entering the Agreement.

At trial, Savik and Piippo argued that the employment clause, along with various representations by Meldahl, created the

3

impression that they would become permanent Entech employees. Meldahl's alleged representations are the basis of the fraudulent inducement claims made by Savik and Piippo. Following a jury verdict in favor of Entech, Savik and Piippo brought this appeal challenging, among other things, the District Court's decision to dismiss their breach of contract claim as well as jury instructions regarding parol evidence.

## DISCUSSION

1) Did the District Court err in dismissing Savik and Piippo's breach of contract claim?

Our standard of review in appeals from summary judgment rulings is de novo. Mead v. M.S.B., Inc. (1994), 264 Mont. 465, 470, 872 P.2d 782, 785. When we review a district court's grant of summary judgment, we apply the same evaluations as the district court based on Rule 56, M.R.Civ.P. Bruner v. Yellowstone County (1995), 272 Mont. 261, 264, 900 P.2d 901, 903.

Savik and Piippo's claims of breach of contract stem from their interpretation of the intent of paragraph 4.13 of the Agreement. That paragraph provided in relevant part:

> Subject to satisfying Entech's hiring policies, Entech shall retain Messrs. Savik and Piippo for terms of three (3) years each at annual initial salaries of $60,000 each. Messrs. Savik and Piippo will be entitled to those benefits that are afforded to other employees under Entech's employment policies[.]

Savik and Piippo maintain that the "benefits" available to them as Entech employees included not only vacation, health insurance, and pension, but also permanent employment terminable only for good

4

cause. Savik and Piippo based their interpretation of the contract on oral representations that they claim were made to them by Meldahl. They also claim that the term "benefits," as used in the contract, was ambiguous and thus parol evidence was needed to explain what the parties intended in using that term.

The parol evidence rule in Montana has been codified under §§ 28-2-904, and 28-2-905, MCA. Section 28-2-904, MCA, explains, "[t]he execution of a contract in writing, whether the law requires it to be written or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument." Section 28-2-905, MCA, further provides that when an agreement has been reduced to writing by the parties, there can be no evidence of the terms of the agreement other than the contents of the writing except when a mistake or imperfection of the writing is claimed or when the validity of the agreement is the fact in dispute. In their claim for breach of contract, Savik and Piippo contend that the term "benefits" was ambiguous and thus the court should have allowed parol evidence as to statements made to them by Meldahl which led them to believe that "benefits" included permanent employment.

This Court has held that where the terms of the contract are ambiguous and uncertain, evidence of attending circumstances is admissible. Molerway Freight Lines v. Rite-Line Transp. (1995), 273 Mont. 95, 100, 902 P.2d 9, 12. In Monte Vista Co. v. Anaconda Co. (1988), 231 Mont. 522, 528-29, 755 P.2d 1358, 1362, this Court explained:

5

An ambiguity exists when a contract is subject to two interpretations and parol testimony can be used to determine what the parties intended. [Citations omitted.] However, intent of the parties is only looked to when the agreement in issue is not clear on its face. [Citation omitted.]

In the present case, the District Court gave the following rationale for granting summary judgment:

The express language of that provision [4.13] clearly establishes a three year term of employment. Plaintiffs contend that the intent of the provision was to bind the individual Plaintiffs to a minimum of three years, and that the language in the provision entitling Plaintiffs to "those benefits that are afforded to other employees under Entech's employment policies" include the "benefit" of permanent employment absent good cause for firing Plaintiffs. This Court does not find that the provision language is ambiguous and therefore, there is no need to look to the parties' intent, and in any event, such interpretation would require adding language to the agreement which would contradict the express three year term in violation of the parol evidence rule.

After reviewing the record and the Agreement, we agree with the District Court that the provision regarding "benefits" and three years of employment was clear and unambiguous and did not include permanent employment. Our decision in Sherrodd, Inc. v. Morrison-Knudsen Co. (1991), 249 Mont. 282, 815 P.2d 1135, is on point. In that case, Sherrodd had contracted to perform certain earth work for Morrison-Knudsen. The terms of the written contract provided that all of the earthwork would be performed for a lump sum of $97,500. Sherrodd, 815 P.2d at 1136. After completion of the work, Sherrodd claimed that it was owed more money than the $97,500 because it had been pressured to execute the contract and that it had been told that a deal would be worked out wherein Sherrodd would be paid more than the sum provided for in the contract.

6

Sherrodd, 815 P.2d at 1136. The district court granted summary judgment to Morrison-Knudsen, holding that the parol evidence rule precluded Sherrodd from relying upon oral representations which were not incorporated into the written contract. This Court affirmed and held that Sherrodd's contention that the $97,500 did not cover the entire job contradicted the terms of the written agreement. Sherrodd, 815 P.2d at 1137. In applying the parol evidence rule, we concluded:

> the compensation of Sherrodd is governed exclusively by the written contract and that Sherrodd's claims are barred under the parol evidence rule. We hold that the District Court did not err in granting summary judgment for defendants.

Sherrodd, 815 P.2d at 1137. As with Sherrodd's attempt to vary the amount of compensation specified, Savik and Piippo's reliance on oral representations that would vary the expressed term of employment was barred by the parol evidence rule. Accordingly, the District Court was correct in granting summary judgment and dismissing the breach of contract claim.

2) Did the District Court err in instructing the jury on parol evidence when Savik and Piippo sought recovery under a theory of fraudulent inducement?

The standard of review of a district court's conclusions of law is whether the court's interpretation of the law is correct. Carbon County v. Union Reserve Coal Co. (1995), 271 Mont. 459, 469, 898 P.2d 680, 686. A district court has broad discretion in instructing the jury and we will not reverse the court on the basis of alleged instructional errors absent an abuse of discretion.

7

Werre v. David (Mont. 1996), 913 P.2d 625, 635, 53 St.Rep. 187, 193. Further, when we examine whether jury instructions were properly given or refused, we consider the challenged instructions in their entirety, the evidence at trial and other instructions given by the court. Cechovic v. Hardin & Associates, Inc. (1995), 273 Mont. 104, 116, 902 P.2d 520, 527.

When a party alleges fraud in the inducement, it is incumbent upon the district court to admit parol evidence on the question. Dew v. Dower (1993), 258 Mont. 114, 120, 852 P.2d 549, 552; Dodds v. Gibson Products Company of Western Montana (1979), 181 Mont. 373, 377, 593 P.2d 1022, 1024. For a jury to adequately consider a party's claim of fraudulent inducement, it is critical that it consider evidence outside of the written agreement as such evidence goes to the heart of the claim.

In the instant case, the District Court gave the following jury instructions over Savik and Piippo's objection:

> [No. 8] The execution of a contract in writing, whether the law requires it to be or not, supersedes all the oral negotiations or stipulations concerning its matter which preceded or accompanied the execution of the instrument.

> [No. 10] A contract is to be construed according to the intention of the parties at the time of contracting. If the contract is reduced to writing, the intention of the parties is to be ascertained from the writing alone, if possible.

These instructions were given to the jury despite the fact that Savik and Piippo's contract claim had been dismissed and, thereafter, they were advancing only a claim of fraud in the inducement. In effect, these instructions kept the jury from

8

considering the evidence Savik and Piippo brought forward in support of their claim of fraudulent inducement.

When fraud is alleged, parol evidence may be considered by the jury. Section 28-2-905(2) MCA. See also Flemmer v. Ming (1980), 190 Mont. 403, 621 P.2d 1038. Limiting a jury's consideration of evidence to a written agreement creates an illogical requirement that an alleged fraud leading to the creation of the contract be demonstrated by a writing. Webcor Electronics v. Home Electronics (1988), 231 Mont. 377, 382, 754 P.2d 491, 494. This Court has previously held that, notwithstanding the parol evidence rule, fraud in the inducement is provable by parol evidence. Dew, 852 P.2d at 552; Dodds, Mersy v. Gibson Products Co. (1979), 181 Mont. 373, 377, 593 P.2d 1022, 1024; Goggans v. Winkley (1970), 154 Mont. 451, 459, 465 P.2d 326, 330.

In the instant case, the District Court's instructions regarding parol evidence effectively precluded the jury from considering pre-contract conversations between Meldahl and Savik and Piippo. Since Savik and Piippo's claim of fraud in the inducement was based on pre-contract representations by Meldahl, the communications between Savik and Piippo and Meldahl were crucial to the jury's consideration.

Having reviewed the jury instructions in their entirety, we hold that the challenged instructions effectively precluded the jury from considering communications between the parties outside of the written agreement. Evidence of communication between the parties was crucial to Savik and Piippo's claims of fraudulent

9

inducement. We hold that the District Court abused its discretion by instructing the jury not to consider parol evidence in a claim of fraudulent inducement.

Accordingly, we affirm in part, reverse in part and remand for a new trial on the issue of fraudulent inducement.

_W. William Leaphart_
Justice

We concur:

_William E. Hunt Sr._

_[signature]_

_Terry Trieweiler_

_[signature]_
Justices

September 12, 1996

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Donald V. Snavely
SNAVELY LAW FIRM
210 North Higgins, Suite 234
Missoula MT 59802

Cynthia K. Smith
CEDERBERG, SHOTT & SMITH, P.C.
269 West Front Street
Missoula MT 59802

Terry J. MacDonald, Esq.
GARLINGTON, LOHN & ROBINSON
P.O. Box 7909
Missoula MT 59807-7909

Patrick T. Fleming, Esq.
ENTECH, INC. - Legal Department
40 East Broadway
Butte MT 59701

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _D. Gallagher_
Deputy