No. 99-372

IN THE SUPREME COURT OF THE STATE OF MONTANA

2000 MT 356

ADELLA HARTLE and WILBUR HARTLE,

Plaintiffs and Appellants,

v.

DEAN NELSON, d/b/a/ N&N LOGGING,

Defendant and Respondent.

APPEAL FROM: District Court of the Nineteenth Judicial District,

In and for the County of Lincoln,

The Honorable Michael C. Prezeau, Judge presiding.

COUNSEL OF RECORD:

For Appellant:

Scott B. Spencer, Libby, Montana

For Respondent:

Mark S. Williams, Williams & Ranney, Missoula, Montana

Submitted on Briefs: February 10, 2000
Decided: December 22, 2000

Filed:

_____

Clerk

Justice James C. Nelson delivered the Opinion of the Court.

¶1 Adella and Wilbur Hartle (the Hartles) brought this action in the District Court for the Nineteenth Judicial District, Lincoln County, to recover for damages caused when an employee of Dean Nelson (Nelson) d/b/a N & N Logging, inadvertently cut timber on the Hartles' property without the Hartles' permission. The jury returned a verdict for the Hartles in the sum of $4,500 and the District Court entered judgment in their favor. The Hartles appeal from this judgment arguing that the court improperly instructed the jury as to damages. We affirm.

¶2 The Hartles raise the following issues on appeal:

¶3 1. Whether the District Court incorrectly instructed the jury as to the measure of damages for injury to real property.

¶4 2. Whether the District Court should have instructed the jury that the damages for the taking of timber could be trebled.

## Factual and Procedural Background

¶5 The Hartles own 18 acres of undeveloped real property in the Ridgeview Estates in Lincoln County. Nelson and his logging crew were hired to log the 50 acres adjacent to the Hartles' property. While logging this adjacent property, Nelson's feller-buncher operator accidentally crossed onto the Hartles' property and proceeded to cut timber on a two-acre portion of that property. Nelson stopped the logging operation on the Hartles' property as soon as he discovered the mistake. He immediately went to the Hartles' home, informed them of the mistake, and accepted full responsibility.

¶6 On March 4, 1998, the Hartles filed a complaint against Nelson for damage to real property and damage to the timber. Nelson admitted liability for the trespass and accepted liability for the damages. It was agreed that the trespass was accidental, thus, before trial, the District Court entered an Order determining that Nelson's logging on the Hartles'

property was unintentional. And, at trial, the court instructed the jury that "Defendant's logging on Plaintiffs' property was accidental, not intentional." The parties tried the case to a six-person jury on April 5 and 6, 1999. Because Nelson admitted liability, the only isue for the jury was damages.

¶7 Gene Yavah (Yavah), a retired forester, was the only witness called regarding damages. After inspecting the property, Yavah determined that 136 trees of various species had been cut. He determined that the mill price of these trees was $2,380 and that the cost to clean up the slash and logging debris was between $700 and $1,000. However, this cost did not include any amount for the damage to the remaining trees or to the surrounding vegetation that could be caused by erosion.

¶8 Wilbur Hartle (Wilbur) testified that the boundary line around his property was well marked. He also testified that he paid $3,250 per acre for the property and that the value for the entire 18-acre parcel after the two acres were logged was only $2,000 per acre. Wilbur presented a videotape to the jury that showed the area logged and the impact the logging had on the property. Wilbur testified that not only was the scenic value of the property gone, but that he was concerned about erosion in the area logged.

¶9 Nelson did not present any witnesses to rebut Wilbur's opinion as to the difference in the value of the property before and after it was logged. However, Nelson argues on appeal that Wilbur admitted that he had no expertise as a real estate appraiser, that he had never tried to resell the property and that he had not lost any deal as a result of the trespass. Furthermore, Wilbur testified that the land had been logged regularly by the previous owner and Yavah testified that there were slash piles and a logging road on the property prior to this incident.

¶10 During the settling of jury instructions, the Hartles proposed an instruction that defined the measure of compensation for damage to real property. The District Court refused this instruction. The Hartles also proposed an instruction for the trebling of damages for the loss of timber, but this instruction was also refused.

¶11 The jury returned a verdict in favor of the Hartles in the sum of $4,500 and on April 15, 1999, the District Court entered judgment in their favor. The Hartles appeal from that judgment arguing that the court improperly instructed the jury as to damages.

## Standard of Review

¶12 We review a district court's refusal to give proffered jury instructions for an abuse of discretion. *Barnes v. City of Thompson Falls*, 1999 MT 77, ¶ 8, 294 Mont. 76, ¶ 8, 979 P.2d 1275, ¶ 8 (citing *Harwood v. Glacier Elec. Co-op, Inc.* (1997), 285 Mont. 481, 487, 949 P.2d 651, 655). "A trial court is imbued with broad discretion to determine whether or not it will give a proposed instruction to the jury, and this Court will not overturn a district court on the basis of alleged instructional errors absent an abuse of that discretion." *Barnes*, ¶ 8 (citing *Savik v. Entech, Inc.* (1996), 278 Mont. 152, 158, 923 P.2d 1091, 1095).

¶13 In reviewing whether a particular jury instruction was properly given or refused, the reviewing court must consider the instruction in its entirety, as well as in connection with the other instructions given and with the evidence introduced at trial. *Moore v. Imperial Hotels Corp.*, 1998 MT 248, ¶ 21, 291 Mont. 164, ¶ 21, 967 P.2d 382, ¶ 21 (citing *Fillinger v. Northwestern* (1997), 283 Mont. 71, 76, 938 P.2d 1347, 1350-51). The party assigning error to the instructions must show prejudice in order to prevail. *Moore*, ¶ 21. Prejudice will not be found if the instructions in their entirety state the applicable law of the case. *Moore*, ¶ 21.

## Issue 1.

¶14 *Whether the District Court incorrectly instructed the jury as to the measure of damages for injury to real property.*

¶15 The Hartles argued at trial that the measure of damages for wrongfully cutting timber on another's property is the value of the timber plus the difference between the value of the land before the timber was cut and the value of the land after the timber was cut. To that end, the Hartles proposed the following instructions:

> You must determine the amount of money which will reasonably and fairly compensate the Plaintiffs for the losses sustained. The measure of compensation under each claim should be an amount which will compensate the Plaintiffs for all the loss caused by the Defendant's act regardless of whether it could have been anticipated.
>
> In a trespass case involving the removal of timber, there are two separate elements of damage: the damage to the land and the damage for the removal of the timber.

The Hartles' Proposed Instruction No. 2.

The damages for harm to land resulting from a past invasion and not amounting to a total destruction of value include compensation for:

(a) the difference between the value of the land before the harm and the value after the harm, or at his election in an appropriate case, the cost of restoration that has been or may be reasonably incurred;

(b) the loss of use of the land; and

(c) discomfort and annoyance to the owners or occupant.

The Hartles' Proposed Instruction No. 4.

¶16 The District Court gave the Hartles' Proposed Instruction No. 2, but refused to give their Proposed Instruction No. 4. In refusing to give this latter instruction, the trial judge stated:

Well, I'm refusing it because I don't think there is any evidence of (b). I don't think the evidence of (c), I'm not sure that's even a good statement of the law, but it was just about all you could do to get Mr. Hartle to say he was ticked off. I mean, I don't think that rises to the level of something that's compensable and (a) I think is sufficiently covered in [Proposed Instruction No.] 2 where we talk about damage to both the land and to the further removal of the timber. . . .

¶17 The Hartles now argue on appeal that their Proposed Instruction No. 2 alone did not cover their theory of the case as to damages nor did it properly instruct the jury on the correct measure of damages for cutting the trees or for the damage to the real property. Hence, the Hartles argue that because the District Court failed to give their Proposed Instruction No. 4, the jury was not told how to correctly determine the damages that the Hartles suffered.

¶18 Nelson, on the other hand, argues that the District Court was correct in refusing the Hartles' Proposed Instruction No. 4 because it was not supported by the law, nor by the evidence, and was adequately covered by other instructions. More specifically, Nelson argues that subpart (a) of the Hartles' Proposed Instruction No. 4 was already provided for in the Hartles' Proposed Instruction No. 2. In addition, Nelson argues that subparts (b) and

(c) of the Hartles' Proposed Instruction No. 4 are not supported by the evidence and are not accurate statements of the law.

¶19 A district court is not to be held in error for refusing to give an instruction when the subject has been adequately covered by other instructions or when it is not applicable to the pleadings and the evidence. *Doble v. Lincoln County Title Co.* (1985), 215 Mont. 1, 7, 692 P.2d 1267, 1271 (citing *Wollan v. Lord* (1963), 142 Mont. 498, 504, 385 P.2d 102, 106). Furthermore, where other instructions adequately cover the law relating to a particular issue, it is not error to refuse a proposed instruction on the same subject. *Valley Properties v. Steadman's Hardware* (1992), 251 Mont. 242, 249, 824 P.2d 250, 255 (citing *Noll v. City of Bozeman* (1977), 172 Mont. 447, 564 P.2d 1296).

¶20 Relying on *Eby v. City of Lewistown* (1918), 55 Mont. 113, 173 P. 1163 (wherein plaintiff brought an action to recover damages for injury caused to his lots when the grade on the streets surrounding his lots was changed), the Hartles argue that the measure of damages for injury to real property is the difference between the value of the property before the injury and the value of the property after the injury, if the property cannot be reasonably restored to its pre-injury condition. Hence, the Hartles argue that subpart (a) of their Proposed Instruction No. 4 should have been given to the jury. We disagree.

¶21 The Hartles' Proposed Instruction No. 2 states that in a trespass case involving the removal of timber, besides the damages allowed for the removal of the timber, damages are allowed for the land itself. Furthermore, the Hartles' counsel fully explained to the jury in his closing argument how to calculate those damages. Hence, the District Court was not in error for refusing to give the Hartles' Proposed Instruction No. 4(a) because this subject was already covered in the Hartles' Proposed Instruction No. 2, and that instruction adequately covered the law on this issue. *Doble,* 215 at 7, 692 P.2d at 1271; *Valley Properties,* 251 Mont. at 249, 824 P.2d at 255.

¶22 As to subparts (b) and (c) of the Hartles' Proposed Instruction No. 4 regarding compensation for loss of use of the land and discomfort and annoyance to the owners or occupants, the Hartles based this instruction on our prior decision in *French v. Ralph E. Moore, Inc.* (1983), 203 Mont. 327, 333, 661 P.2d 844, 847, wherein the plaintiffs' restaurant and nearby family home were contaminated by fumes from the defendant's gasoline tanks. In *French*, we held that damages for mental anguish are recoverable in a negligence action where the claim is that the defendant has interfered with the use and enjoyment of plaintiff's land. *French*, 203 Mont. at 335, 661 P.2d at 848.

¶23 However, unlike the plaintiffs in *French*, the Hartles were not using the property for business or residential purposes and, unlike the Hartles, the plaintiffs in *French* presented significant evidence of loss of use of the property and of their extreme discomfort and annoyance caused by the contamination. The Hartles did not plead damages for loss of use of the land or for discomfort and annoyance, nor did they present any evidence at trial to show that they had lost the use of the land or that they had sustained any discomfort or annoyance.

¶24 The only evidence presented at trial regarding damages, other than Yavah's testimony as to the mill price of the trees and the cost to clean up the slash and logging debris, was Wilbur's opinion regarding the current value of the property. He speculated that he might pay $1000 less per acre for the property due to the logging. However, Wilbur admitted that he had no expertise as a real estate appraiser, he had never tried to resell the property, and he had not lost any deal as a result of the trespass. Consequently, since there was no evidence of loss of use of the land or discomfort to the Hartles, their Proposed Instruction No. 4 was not appropriate.

¶25 Furthermore, under Montana law, the measure of damages for a casual or involuntary timber trespass, as the District Court determined was the case here, is "a sum equal to the actual detriment." Section 70-16-108, MCA. In *Rickl v. Brand S Lumber Co.* (1977), 171 Mont. 528, 530, 559 P.2d 1182, 1183, wherein defendant lumber company admitted that it had inadvertently entered plaintiff's land and cut timber, this Court allowed recovery for only the value of the timber taken and not for damage to the property.

¶26 In the case *sub judice*, despite our prior holding in *Rickl*, the District Court allowed the Hartles to seek damages for both the loss of the timber and the damage to the land. To that end the jury awarded the Hartles $4,500, presumably consisting of $2,380 for the value of the timber, as testified to by Yavah, and $2,120 for the damage to the land.

¶27 Accordingly, reviewing the refused instruction in its entirety and in connection with the other instructions given, as we are constrained to do, *Moore*, ¶ 21; *Fillinger*, 283 Mont. at 76, 938 P.2d at 1350-51, we hold that the District Court did not abuse its discretion and that the court correctly instructed the jury as to the measure of damages for injury to real property.

## Issue 2.

¶28 *Whether the District Court should have instructed the jury that the damages for the taking of timber could be trebled.*

¶29 There are two Montana statutes that govern whether the value of timber taken in a trespass should be trebled. The first of these, § 70-16-107, MCA, provides:

> **Trespass for taking timber.** (1) Any person who cuts down or carries off any wood or underwood, tree, or timber or girdles or otherwise injures any tree or timber on the land of another person or on the street or highway in front of any person's house, village or city lot, or cultivated grounds or on the commons or public grounds of any city or town or on the street or highway in front thereof, without lawful authority, is liable to the owner of such land or to such city or town for treble the amount of damages which may be assessed therefor in a civil action in any court having jurisdiction.
>
> (2) Nothing in subsection (1) authorizes the recovery of more than the just value of the timber taken from uncultivated woodland for the repair of a public highway or bridge upon the land or adjoining it.

¶30 This Court interpreted § 70-16-107, MCA (formerly § 363, Code Civ. Proc.), in *McDonald v. Montana Wood Co.* (1894), 14 Mont. 88, 94-95, 35 P. 668, 670. In *McDonald*, this Court held that a showing of wilfulness, wantonness, or malice is required to obtain treble damages under the statute even though the statute makes no reference to wilful, wanton, or malicious acts.

¶31 In 1895, one year after this Court's decision in *McDonald*, the Montana Legislature enacted what is now § 70-16-108, MCA. This statute provides:

> **Injury to timber--exceptions as to treble damages.** For wrongful injuries to timber, trees, or underwood upon the land of another or removal thereof, the measure of damage is three times such a sum as would compensate for the actual detriment, except where the trespass was casual and involuntary or committed under the belief that the land belonged to the trespasser or where the wood was taken by the authority of highway officers for the purposes of a highway, in which cases the damages are a sum equal to the actual detriment.

Section 70-16-108, MCA, does not require proof of wilful, wanton or malicious acts.

Instead, we held in *Mountain View Cemetery v. Granger* (1978), 175 Mont. 351, 361, 574 P.2d 254, 259, that it is a question of fact as to whether damages should be trebled under this statute.

¶32 The Hartles predicated their Proposed Instruction No. 3 on § 70-16-108, MCA. However, the District Court refused this instruction, noting the following:

> THE COURT: Well, it's an agreed fact, probably based upon an earlier Order from the Court that this is an accidental trespass, and that being the case I don't think treble damages are a possibility.

¶33 The Hartles contend that the District Court erred in refusing their instruction on treble damages because, while under § 70-16-107, MCA (and its interpretation in *McDonald*), to be awarded treble damages they must prove wilful, wanton, or malicious conduct, under § 70-16-108, MCA, the fact that the trespass was accidental is not controlling. They contend that the jury should be allowed to consider all the facts and determine whether or not the exceptions stated in the statute control, i.e., whether the trespass was casual and involuntary.

¶34 First, as to § 70-16-107, MCA, because that statute does not now state, nor has it ever stated, that in order for damages to be trebled, the conduct had to be wilful, wanton or malicious, we overrule *McDonald* and any other cases that so hold. This, however, leaves §§ 70-16-107 and 108, MCA, in somewhat of a conflict that can only be straightened out by the legislature. As to the effect of our overruling *McDonald* on the case before us on appeal, there is none. The Hartles based their Proposed Instruction No. 3 not on § 70-16-107, but on § 70-16-108.

¶35 Section 70-16-108, provides that "where the trespass was casual and involuntary. . . the damages are a sum equal to the actual detriment." The Hartles' contention that the jury should be allowed to consider all the facts and determine whether or not the exceptions stated in the statute control is only true where there is a pending issue of fact. In this case, the facts are not in dispute. The District Court ruled as a matter of law that the trespass was unintentional. Hence, under § 70-16-108, MCA, treble damages are not recoverable.

¶36 Accordingly, reviewing the refused instruction in its entirety and in connection with the other instructions given, we hold that the District Court did not abuse its discretion and that the court correctly instructed the jury as to the measure of damages.

¶37 Affirmed.

/S/ JAMES C. NELSON

We Concur:

/S/ WILLIAM E. HUNT, SR.

/S/ JIM REGNIER

/S/ W. WILLIAM LEAPHART

Justice Terry N. Trieweiler, concurring and dissenting.

¶38 I concur with the majority's conclusion that the jury was properly instructed on compensatory damages.

¶39 I dissent from the majority's conclusion that Plaintiffs were not entitled to instructions on treble damages pursuant to §§ 70-16-107 and 108, MCA.

¶40 The majority opinion relies on language found at § 70-16-108, MCA, which provides that "where the trespass was casual *and involuntary* . . . the damages are a sum equal to the actual detriment." The majority then concludes that because the Defendant's trespass was unintentional, treble damages are not recoverable. In other words, the majority opinion repeats the mistake made by the District Court and equates "involuntary" conduct and "unintentional" conduct. However, they are not the same.

¶41 An involuntary act is defined as follows:

"Not resulting from a free and unrestrained choice; not subject to control by the will." Black's Law Dictionary 833 (7th ed. 1999).

On the other hand, an "unintentional" act is "[a]n act not resulting from the actor's will toward what actually takes place." Black's Law Dictionary 25 (7th ed. 1999).

¶42 The fact that the Defendant had no intent to trespass on the Plaintiffs' land and harvest

his trees simply means that that was not his purpose at the time he did so. It does not mean that he did not act voluntarily or that he was acting under duress.

¶43 Under the circumstances, I would conclude that the District Court erred when it declined to give the Plaintiffs' proposed instruction No. 3. I would remand to the District Court for further proceedings to either retry the issue of treble damages or enter judgment in that amount in the event the uncontroverted evidence supports such an award. I dissent from the District Court's refusal to do so.

/S/ TERRY N. TRIEWEILER