No. 87-54

IN THE SUPREME COURT OF THE STATE OF MONTANA

1988

---

TAYLOR, THON, THOMPSON & PETERSON,
a Partnership,

        Plaintiffs and Respondents,

  -vs-

DOUG CANNADAY and SHANNE CANNADAY,

        Defendants and Appellants.

---

APPEAL FROM:  The District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Robert Sykes, Judge presiding.

COUNSEL OF RECORD:

    For Appellant:

        Doug W. Cannaday, pro se, Polson, Montana
        Shanne L. Cannaday, pro se, Calgary, Alberta, Canada

    For Respondent:

        M. Dean Jellison, Kalispell, Montana

---

Submitted on Briefs:  Nov. 6, 1987

Decided:  January 18, 1988

Filed: JAN 1 8 1988

*Ethel M. Harrison*
---
Clerk

Mr. Justice Fred J. Weber delivered the Opinion of the Court.

Taylor, Thon, Thompson & Peterson (architects) brought suit against the Cannadays to recover fees for architectural services. After a trial to the judge, the District Court for the Eleventh Judicial District, Flathead County, entered judgment for the architects in the net amount of $90,989.28. Doug Cannaday appeals. We affirm the District Court.

We restate the issues as follows:

1. Did the court err by awarding interest to the architects?

2. Did the court err by refusing to vacate the second prejudgment attachment?

3. Did the court err by refusing to use the Architects' Handbook of Professional Practice as controlling authority to establish the architects' duties?

4. Are the court's findings supported by substantial evidence?

5. Did the court err by failing to enter judgment and damages for the Cannadays pursuant to § 8.6.412, ARM, and the Montana Consumer Protection Act?

6. Did the court err in its award of damages under the parties' contract?

In the fall of 1981, the Cannadays contracted with the architects to design and oversee construction of a summer home on Flathead Lake. The Cannadays were Canadian citizens. Defendant Shanne Cannaday owned an existing home on Flathead Lake. Both Cannadays desired to build a second and larger home.

In April 1982, the Cannadays contracted with a general contractor for the amount of the low bid which was $1,226,000. The construction contract documents were signed by the parties. Construction was then started by the general

2

contractor and continued until July 1982, when the contractor stopped work because of the Cannadays' failure to make payments due under the contract. Construction was not resumed by the general contractor and the home was not completed.

In December 1982, the architects sued the Cannadays for services rendered plus interest. The Cannadays counterclaimed, alleging breach of contract, negligence, constructive fraud, and wrongful attachment. After a one-week trial, the District Judge entered extensive findings and conclusions. He awarded the architects their fee, with minor set-offs for the Cannadays. The judgment has been satisfied by a sheriff's sale of the existing Flathead Lake home. Doug Cannaday, acting pro se, appeals. The architects moved to dismiss the appeal for mootness because the Cannadays have asserted that they have no interest in the existing Flathead Lake home. The Court has denied that motion.

I

Did the court err by awarding interest to the architects?

The lower court awarded interest to the architects in its finding 25 and in the judgment. The court did not state the basis for the award of interest. In his brief, Mr. Cannaday argues that this is not a proper case for an award of interest under § 27-1-211, MCA.

The architects point out that they are entitled to interest on fees due and unpaid at the rate of twelve per cent per annum, under article 14.6 of the Cannaday-architect contract. Section 27-1-213, MCA, provides for the award of interest which is stipulated in a contract. We conclude that interest was properly allowable to the architects in this case, under the terms of the contract.

3

## II

Did the court err by refusing to vacate the second prejudgment attachment?

At the commencement of this action, the architects discovered that the Cannadays did not have enough interest in the land and completed portions of the new house to pay the architects' fees. They obtained a writ of attachment against Shanne Cannaday's existing home on Flathead Lake. The District Court later granted the Cannadays' motion to strike the attachment, for three reasons. It found that the attachment was improperly issued by the clerk rather than the judge, that the notice was not posted, and that no notice of the right to a post-service hearing had been served upon Shanne Cannaday. At the same time, the court issued a second writ of attachment on the same property. That writ included the notice of the right to a post-service hearing and was posted pursuant to § 27-18-701, MCA. Mr. Cannaday argues that this second writ should have been dismissed because it was not served personally upon him, Shanne Cannaday, or their attorney as required by the Montana Rules of Civil Procedure. However, in a situation such as this, where specific statutes provide for the method of service, those specifics govern over the general rules set out in the Montana Rules of Civil Procedure. Section 27-18-701, MCA, provides for service by posting on the property and in three public places in the county if the defendant cannot be found for personal service. The District Court concluded that the architects complied with that requirement. We affirm that ruling.

## III

Did the court err by refusing to use the Architects' Handbook of Professional Practice as controlling authority to establish the architects' duties?

4

The court admitted in evidence a handbook published by the American Institute of Architects. The handbook describes the standard of practice for architects in the United States. Mr. Cannaday's argument on appeal is, in effect, that any deviation from the standards set forth in that handbook should be deemed negligence per se.

While violation of a statute may be classed as negligence per se, violation of other regulations is not generally classed as negligence per se. Stepanek v. Kober Const. (Mont. 1981), 625 P.2d 51, 55-56, 38 St.Rep. 385, 391. More precisely on point, absent specific statutory incorporation, the provisions of a national code are only evidence of negligence, not conclusive proof thereof. Barmeyer v. Montana Power Co. (1983), 202 Mont. 185, 202, 657 P.2d 594, 602-03.

We affirm the holding of the lower court that the handbook standards were to be considered as evidence of a duty on the part of the architects. We refuse to accept the contention of the Cannadays that the violation of such standards constituted negligence per se on the part of the architects.

## IV

Are the court's findings supported by substantial evidence?

Mr. Cannaday challenges the court's findings that the architects did not breach their contract when they 1) approved certain applications and certificates for payment submitted by the general contractor, 2) administered the contract with the concrete contractor, and 3) issued the Notice to Proceed. He also challenges finding No. 37 that Shanne Cannaday was bound by the acts of Doug Cannaday.

This Court's standard of review of a lower court's findings of fact is whether the findings are supported by substantial evidence. Where there is conflicting evidence,

5

the trial court will not be overturned unless there is a clear preponderance of evidence against the findings. Phennicie v. Phennicie (1979), 185 Mont. 120, 125-26, 604 P.2d 787, 790. The record contains conflicting testimony on whether the architects' actions were or were not proper and within the terms of the contract, in the first three areas challenged by Mr. Cannaday. After reviewing the record, we conclude that substantial evidence supports the court's findings that the architects did not breach the contract.

Shanne Cannaday signed the first contract with the architects, but did not sign subsequent modifications to the contract. Doug Cannaday argues that because she did not sign the modifications, she is not bound by the contract. The District Court found that

> [i]t is general practice in construction of homes that there be one person designated acting on behalf of the owner with the architect as well as contractor during the course of construction, and that any acts by such person are binding on the owners.

The court then ruled that any acts of Doug Cannaday were binding on Shanne Cannaday. The record demonstrates that the modifications to the architectural contract which Shanne Cannaday did not sign resulted in a reduction of the architects' fee. That reduction was reflected in the computation by the court and was to the benefit of Shanne Cannaday. There is nothing in the record to suggest that the modifications had the effect of releasing Shanne Cannaday from her obligation.

We affirm the holding of the District Court that under the facts of the present case, defendant Shanne Cannaday was liable for the architects' fees along with Doug Cannaday.

6

## V

Did the court err by failing to enter judgment and damages for the Cannadays pursuant to § 8.6.412, ARM, and the Montana Consumer Protection Act?

The lower court made offsets in the judgment for a spiral staircase removed from the property and proceeds from the sale of timber retained by the architects in violation of their duties to the Cannadays. The offsets were $500 for the spiral staircase and $859 for the timber, plus exemplary damages of $1,000 and $1,500. Mr. Cannaday contends that the retaining of these items by the architects violated § 8.6.412, ARM, and the Consumer Protection Act, § 30-14-101 through 1113, MCA.

Section 8.6.412, ARM, sets forth standards of professional conduct to be used by the Board of Architects. The section states that violation of those standards is grounds for disciplinary action. Section 8.6.414, ARM, describes the disciplinary action possible, including such penalties as revocation or suspension of the architect's license by the Board. Judgment in district court is not listed as a penalty for violation of the standards. We conclude that the District Court did not err in failing to enter judgment under this section.

No authority has been cited which would require the District Court to apply or award damages under the Consumer Protection Act (Act). Application of the Act would have to be based on the general prohibition of "unfair or deceptive acts or practices in the conduct of any trade or commerce." Section 30-14-103, MCA. No evidence was submitted demonstrating a violation of that prohibition. We conclude that the District Court did not err in failing to award damages under the Act.

7

## VI

Did the court err in its award of damages under the parties' contract?

Mr. Cannaday restates that the architects have breached their contract, as discussed above. He asserts that the damages resulting from those breaches are greater than the amount of fees to which the architects are entitled, so that the architects are not entitled to any contract fees. Since we have affirmed the District Court's findings that the architects did not breach the contract, it follows that the court did not err in awarding damages under the contract.

In its findings of fact the District Court concluded there was a balance owing to the architects of $77,004.68 for architect fees. The judgment as subsequently entered awarded $72,604.68 for architect fees. Mr. Cannaday does not take issue with that change in computation. The architects concede that the District Judge reduced their fees by about $5,000 because he concluded the construction was not completed to the level contended by the architects. The architects have agreed to the reduction of fees as contained in the judgment. As a result, the apparent conflict is for the benefit of the Cannadays and properly may be disregarded.

The judgment of the District Court is affirmed.

_____
                        Justice

We Concur:

_____

_____

_____

_____
        Justices

8