No. 94-346

IN THE SUPREME COURT OF THE STATE OF MONTANA

1995

PHIL MAY and BETTY MAY,

     Plaintiffs and Respondents,

  v.

FIRST NATIONAL PAWN BROKERS, LTD.,

     Defendant and Appellant.

FILED

FEB 23 1995

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:    District Court of the Eighth Judicial District,
In and for the County of Cascade,
The Honorable John M. McCarvel, Judge presiding.

COUNSEL OF RECORD:

     For Appellant:

         Jack L. Lewis and Patrick R. Watt,
Jardine, Stephenson, Blewett & Weaver,
Great Falls, Montana

     For Respondent:

         Howard F. Strause, Attorney at Law,
Great Falls, Montana

Submitted on Briefs:  December 8, 1994

Decided:  February 23, 1995

Filed:

_____
Clerk

Justice William E. Hunt, Sr., delivered the opinion of the Court.

Defendant First National Pawn Brokers, Ltd., appeals the order of the Eighth Judicial District Court, Cascade County, appointing a receiver in this matter. We affirm.

The appellant raises the following issues on appeal:

1. Did the District Court abuse its discretion by issuing an ex parte order appointing a receiver without notice to First National Pawn Brokers?

2. Did the District Court abuse its discretion by ordering the receiver to apply the assets of First National Pawn Brokers to the satisfaction of the judgment?

3. Did the District Court abuse its discretion by appointing a receiver without requiring an undertaking?

Because our holding in Issue 1 is dispositive of this appeal, we do not discuss Issue 2 or Issue 3.

On March 3 , 1994, the District Court entered judgment in favor of Phil and Betty May and against First National Pawn Brokers, Ltd. (FNP), confirming the memorandum and award of the arbitrator who heard the case pursuant to the parties' agreement. The Mays were awarded $264,864, plus their costs of $154.72. FNP appealed that judgment, and this Court's decision in that matter was handed down on December 15, 1994. May v. First National Pawnbrokers (Mont. 1994), 51 St. Rep. 1367.

On March 8, 1994, the District Court issued a writ of execution, ordering the Cascade County Sheriff to satisfy the March 3 judgment "out of the personal property" of FNP within

2

60 days. On March 15, Sergeant Duncan and Reserve Deputy Butler of the Sheriff's Department attempted to execute the writ at the Great Falls FNP shop. Both an employee and a manager at the shop refused to hand over any funds, stating that they had been advised not to do so. On March 22, the Mays moved the court to hold the employee, the manager, and two of FNP's attorneys in contempt.

On April 8, 1994, the Mays moved for a supplemental hearing, pursuant to §§ 25-14-101 and -105, MCA, to allow them to call witnesses to testify regarding the assets of FNP. The Mays also moved for the appointment of a referee to preside over the proceeding. The Mays' attorney filed an affidavit in support of the motion. The District Court granted the motion.

The supplemental hearing was held on May 4, 1994. Paul Brown, President of FNP, testified as to the activity of the corporation. James Ritter, Vice President of First Interstate Bank of Commerce, Billings, testified regarding FNP's financial situation. Attempts to serve subpoenas on Benjamin and Barbara Brown, Paul Brown's brother and sister-in-law, failed because neither of them could be located.

At the hearing, Paul Brown testified that FNP was an ongoing business that currently ran at least four pawn shops, and that Barbara Brown, secretary/treasurer of FNP, was paid an annual salary of between $30,000 and $40,000. He testified that she had his permission to write checks at any time, but was unable to explain why she had written three corporate checks to herself for a total amount of $48,000 since January 1994.

Paul Brown further testified that FNP regularly transferred or loaned assets to corporations which owned pawn shops in South Dakota and Florida. He did not know the names of those corporations or the names of their officers or shareholders, but he stated that Benjamin and Barbara Brown were in some way associated with them. He testified that the transfers occurred without any set terms, interest, monthly repayment, or time limit.

Evidence introduced by the Mays showed that on March 14, 1994, Barbara incorporated a business under the name First Montana Pawn, Inc., and designated herself as the president and registered agent of the new business. The registered address for the new business was the same as FNP's address.

On May 5, 1994, the Mays prepared an ex parte motion requesting the appointment of a receiver. The motion was filed with the court on May 9. The motion set forth some of the testimony given by Paul at the May 4 hearing and alleged that "[u]nless a receiver is appointed immediately, the assets of the Corporation may be transferred and start disappearing, thereby, becoming unavailable to the Judgment Creditor." The District Court granted the motion the same day it was filed. FNP appeals.

Our standard of review of discretionary trial court rulings is an abuse of discretion standard. See Montana Rail Link v. Byard (1993), 260 Mont. 331, 337, 860 P.2d 121, 125; Steer, Inc. v. Dep't of Revenue (1990), 245 Mont. 470, 474, 803 P.2d 601, 603.

4

Did the District Court abuse its discretion by issuing an *ex parte* order appointing a receiver without notice to First National Pawn Brokers?

In response to the Mays' motion for a supplemental hearing and appointment of referee, the District Court granted the motion and issued an order appointing a referee and setting the date and time of the supplemental hearing pursuant to Parts 1 and 2 of Chapter 14, Title 25, particularly §§ 25-14-101 and -105, MCA. Section 25-14-101, MCA, provides in part:

> Debtor to answer concerning his property when execution unsatisfied. When an execution against property of the judgment debtor . . . issued . . to the sheriff of the county where the judgment is docketed, is returned unsatisfied in whole or in part, the judgment creditor, at any time after such return is made, is entitled to an order from a judge of the court requiring such judgment debtor to appear and answer concerning his property before such judge or a referee appointed by him at a time and place specified in the order . . . .

Subpoenas were issued, and the supplemental hearing was held on May 4, 1994.

Five days later, on May 9, 1994, the Mays moved the District Court for the appointment of a receiver, and that motion was granted the same day. Section 25-14-201, MCA, provides:

> At any time after making an order requiring the judgment debtor or any other person to attend and be examined, as prescribed in parts 1 and 2 of this chapter, the judge may make an order appointing a receiver of the property of the judgment debtor. At least 2 days' notice of the application for the order appointing a receiver must be given personally to the judgment debtor unless the judge is satisfied that he cannot, with reasonable diligence, be found within the state, in which case the order must recite that fact and may dispense with notice or direct notice to be given in any manner which the judge thinks proper. <u>But where the order to attend and be examined</u>

5

> has been served <u>upon</u> the judgment debtor, a receiver may
> be <u>appointed upon</u> the return day thereof or at the close
> of the examination without further notice to him.

(Emphasis added.)

FNP argues that under Rule 3(b) of the Uniform District Court Rules the District Court abused its discretion by failing to notify FNP prior to the appointment of the receiver. The plain language of § 25-14-201, MCA, however, specifically provides that the district court may appoint a receiver at any time after the order to attend and be examined has been served upon the judgment debtor and may do so without further notice to the judgment debtor. We hold that pursuant to § 25-14-201, MCA, the District Court did not abuse its discretion by issuing an *ex* parte order for the appointment of a receiver.

We affirm the order of the District Court.

_____
Justice

We concur:

_____

_____

_____

_____
Justices

February 23, 1995

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

Jack L. Lewis, Esq. and Patrick R. Watt, Esq
Jardine, Stephenson, Blewett & Weaver
P.O. Box 2269
Great Falls, MT 59403

Howard F. Strause
Attorney at Law
P.O. Box 2608
Great Falls, MT 59403

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _A. Gallagher_
Deputy