No. 96-266

IN THE SUPREME COURT OF THE STATE OF MONTANA

1996

ALFRED G. WILLISON, a/k/a WILL ALLISON,
a/k/a WILL ISON, and BEVERLY J. WILLISON,

    Plaintiffs and Appellants,

  v.

ROGER McKENZIE and GERALDINE McKENZIE,

    Defendants and Respondents.

FILED

DEC 30 1996

Ed Smith
CLERK OF SUPREME COURT
STATE OF MONTANA

APPEAL FROM:   District Court of the Eleventh Judicial District,
               In and for the County of Flathead,
               The Honorable Katherine R. Curtis, Judge presiding.

COUNSEL OF RECORD:

       For Appellants:

           E. Eugene Atherton; Attorney at Law;
           Kalispell, Montana

       For Respondents:

           Douglas J. Wold; Attorney at Law;
           Polson, Montana

Submitted on Briefs:  December 12, 1996

Decided:  December 30, 1996

Filed:

_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1995 Internal Operating Rules, the following decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of the Supreme Court and by a report of its result to State Reporter Publishing Company and West Publishing Company.

The appellants, Alfred G. Willison and Beverly J. Willison, filed a complaint in the District Court for the Eleventh Judicial District in Flathead County in which the respondents, Roger McKenzie and Geraldine McKenzie, were named as defendants. They asked the District Court to enforce an alleged agreement to convey real property. After the parties agreed to settle their dispute, a controversy arose regarding compliance with the settlement agreement, and McKenzies filed a motion to enforce settlement in which they requested the dismissal of all claims. The District Court granted the motion, dismissed all claims, and awarded McKenzies costs and attorney fees. Subsequently, Willisons filed a motion for relief from that order, which the District Court denied. Willisons appeal the judgment of the District Court. We affirm the District Court.

The issues on appeal are:

1. Did the District Court err when it granted McKenzies' motion to enforce settlement and dismissed all of the parties' claims?

2. Did the District Court err when it denied Willisons' motion for relief from its order?

## FACTUAL BACKGROUND

Willisons resided on property owned by McKenzies. In September 1992, Willisons filed an action in the District Court in which they alleged that McKenzies were obligated to convey the real property to them. McKenzies subsequently filed their answer, counterclaim, and third-party claim.

Trial was scheduled for July 26, 1995. On July 25, 1995, however, the parties entered into a settlement agreement.

The settlement agreement required McKenzies to execute a quit claim deed conveying the property to Willisons. It also required Willisons to prepare all of the necessary documents, vacate the property, remove all man-made items from the property, and obtain a court order authorizing the filing of the quit claim deed.

The agreement further required McKenzies to deliver the original quit claim deed to Willisons' counsel, and Willisons to file a signed stipulation dismissing all of the parties' claims in the District Court. Finally, the agreement provided that, if McKenzies' counsel did not receive the court order authorizing the filing of the quit claim deed within four months of the date of the settlement agreement (by November 24, 1995), then he would destroy the quit claim deed and file the stipulation to dismiss in the District Court.

Over the next several months, Willisons attempted to comply with the requirements of the settlement agreement. However,

3

McKenzies repeatedly complained that the documents prepared by Willisons contained numerous errors. On December 5, 1995, man-made items were still located on the property, and McKenzies had not received from Willisons all of the necessary documents. At that time, McKenzies informed Willisons that, based on the settlement agreement, McKenzies no longer had any obligation to execute and deliver the quit claim deed.

Despite McKenzies' written request, Willisons never executed the stipulation to dismiss. Therefore, on December 14, 1995, McKenzies filed a motion to enforce settlement in the District Court. The motion requested, pursuant to the terms of the settlement agreement, a dismissal of all of the parties' claims.

Pursuant to Rule 2, Uniform District Court Rules, Willisons were required to file a response to McKenzies' motion by December 29, 1995. However, they failed to file a response to McKenzies' motion. On January 9, 1996, the District Court granted McKenzies' motion, dismissed all of the parties' claims, and awarded McKenzies costs and attorney fees.

On January 22, 1996, Willisons filed a motion for relief from that order. Their brief in support of that motion, however, was not filed until February 7, 1996. On March 26, 1996, the District Court denied Willisons' motion.

## ISSUES

Did the District Court err when it granted McKenzies' motion to enforce settlement and dismissed all of the parties' claims?

4

Did the District Court err when it denied Willisons' motion for relief from its order?

When we review a district court's discretionary ruling, the standard of review is whether the district court abused its discretion. *May v. First Nat'l Pawn Brokers, Ltd.* (1995), 270 Mont. 132, 134, 890 P.2d 386, 388; *State v. Sor-Lokken* (1990), 246 Mont. 70, 79, 803 P.2d 638, 643.

Rule 2 of the Uniform District Court Rules provides, in relevant part:

> Rule 2. Motions.
> (a) <u>Upon filing a motion or within five days thereafter, the moving party shall file a brief</u>. The brief may be accompanied by appropriate supporting documents. <u>Within ten days thereafter the adverse party shall file an answer brief</u> which also may be accompanied by appropriate supporting documents. Within ten days thereafter, movant may file a reply brief or other appropriate responsive documents.
> (b) Failure to file briefs. <u>Failure to file briefs may subject the motion to summary ruling. Failure to file a brief within five days by the moving party shall be deemed an admission that the motion is without merit. Failure to file an answer brief by the adverse party within ten days shall be deemed an admission that the motion is well taken</u>. Reply briefs by movant are optional, and failure to file will not subject a motion to summary ruling.

Rule 2, U.D.C.R. (emphasis added).

MCKENZIES' MOTION TO ENFORCE SETTLEMENT

McKenzies contended that Willisons failed to comply with the requirements of the settlement agreement. Therefore, on December 14, 1995, McKenzies filed a motion to enforce settlement in the District Court. The motion requested, pursuant to the terms

of the settlement agreement, a dismissal of all of the parties' claims.

Pursuant to Rule 2, U.D.C.R., Willisons were required to file an answer brief within ten days from the day on which McKenzies' motion was filed. However, Willisons neither filed an answer brief, nor requested an extension of time. The District Court, therefore, held that Willisons' "failure is deemed an admission that [McKenzies'] motion is well taken . . . ." On that basis, the District Court granted McKenzies' motion to enforce settlement and dismissed all of the "claims in this matter."

Rule 2(b), U.D.C.R., clearly provides that "[f]ailure to file briefs may subject the motion to summary ruling . . . Failure to file an answer brief by the adverse party within ten days shall be deemed an admission that the motion is well taken." It is undisputed that Willisons failed to file an answer brief within the ten-day time-period provided for by Rule 2, U.D.C.R. Therefore, pursuant to Rule 2(b), U.D.C.R., Willisons' failure to file an answer brief "shall be deemed an admission that [McKenzies'] motion is well taken."

Accordingly, we hold that the District Court did not err when it granted McKenzies' motion to enforce settlement and dismissed all of the parties' claims.

WILLISONS' MOTION FOR RELIEF FROM ORDER

On January 22, 1996, Willisons filed a motion for relief from order. Pursuant to Rule 2(a), U.D.C.R., Willisons were required to file a brief within five days from the day on which their motion

6

was filed.  However, their brief was not filed until February 7, 1996, and they had not previously requested an extension of time. Therefore, the District Court held that their "failure to file their Brief within five days <u>shall</u> be deemed an admission that the motion is <u>without merit</u>."  On that basis, the District Court denied the motion.

Rule 2(a), U.D.C.R., clearly provides that "[u]pon filing a motion or within five days thereafter, the moving party shall file a brief."  It is undisputed that Willisons failed to file a brief in support of their motion within the five-day time-period provided for by Rule 2(a), U.D.C.R.  Therefore, pursuant to Rule 2(b), U.D.C.R., Willisons' failure to file a brief was properly "deemed an admission that [Willisons'] motion is without merit."

Accordingly, we hold that the District Court did not err when it denied Willisons' motion for relief from its order.

The judgment of the District Court is affirmed.

_____
Justice

We concur:

_____
Chief Justice

_____

_____

_____
Justices

7

December 30, 1996

## CERTIFICATE OF SERVICE

I hereby certify that the following certified order was sent by United States mail, prepaid, to the following named:

E. Eugene Atherton
ATHERTON & KEEDY
735 South Main
Kalispell, MT 59901

Beverly J. Willison
Box 122
Frenchtown MT 59834-0122

Douglas Wold
WOLD LAW FIRM
P.O. Box 1212
Polson, MT 59860-1212

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
Deputy