No. 97-088

IN THE SUPREME COURT OF THE STATE OF MONTANA

1997


THOMAS JAY HARWOOD, ELSIE RUBY HARWOOD
and THOMAS JOSEPH ARKINSON,

Plaintiffs and Appellants,

v.

GLACIER ELECTRIC COOPERATIVE, INC.,
a Montana Utility Company,

Defendants and Respondents.


APPEAL FROM:   District Court of the Ninth Judicial District,
In and for the County of Glacier,
The Honorable Marc G. Buyske, Judge presiding.


COUNSEL OF RECORD:

For Appellants:

Patrick A. Flaherty, Attorney at Law, Great Falls, Montana

Randy S. Laedeke, Laedeke Law Office, Billings, Montana

For Respondent:

Larry D. Epstein and Thane P. Johnson; Werner, Epstein
& Johnson; Cut Bank, Montana


Submitted on Briefs: October 30, 1997

Decided:    November 25, 1997
Filed:


_____
Clerk

Justice Terry N. Trieweiler delivered the opinion of the Court.

The plaintiffs, Thomas J. Harwood, Elsie Ruby Harwood, and Thomas Joseph Arkinson, filed a complaint in the District Court for the Thirteenth Judicial District in Yellowstone County, in which they alleged that the defendant, Glacier Electric Cooperative, Inc., had been negligent and that its negligence caused the destruction of their home by fire. Venue was transferred to the District Court for the Ninth Judicial District in Glacier County, which ordered that the trial be conducted in Toole County. Following trial by jury, a verdict was returned in favor of Glacier Electric. The plaintiffs appeal. We affirm the judgment of the District Court.

There are six issues presented on appeal:

1. Did the District Court err when it failed to dismiss this case and defer to Tribal Court jurisdiction?

2. Did the District Court err when it denied the plaintiffs' attempts to introduce evidence of and instruct the jury regarding the National Electrical Code and the National Electrical Safety Code?

3. Did the District Court err when it held that the doctrine of negligence per se did not apply?

4. Did the District Court err when it denied admission of several items of evidence offered by the plaintiffs?

5. Did the District Court engage in conduct prejudicial to the plaintiffs based on comments made during plaintiffs' closing argument?

6. Did the District Court deny the plaintiffs a fair trial?

FACTUAL BACKGROUND

Ruby Harwood and her stepson, Thomas Harwood, each own an interest in real estate in Pondera County, which is also within the boundaries of the Blackfeet Indian Reservation. In December 1989, Ruby and Tom Arkinson, a foster child, lived in the home located on the property.

On December 9, 1989, Ruby informed the Glacier Electric Cooperative, the electrical supplier to the home, that the lights in her home were flickering. Glacier Electric sent two linemen to the home, where they discovered that the stab knob supporting electrical wires had detached from its anchor to the home. As a result, the wires which brought power into the house had been damaged. The linemen repaired the wires and reattached the stab knob. The next day, the home and all its contents were destroyed by fire.

The Harwoods filed a complaint on December 9, 1991, in the Thirteenth Judicial District in Yellowstone County. They alleged that Glacier Electric negligently repaired the wires and that its negligence caused the fire. On December 9, 1992, they filed an amended complaint to add Arkinson as a plaintiff. After Glacier Electric moved to

change venue, the District Court granted the motion and transferred the case to the Ninth Judicial District Court in Glacier County. A year later, the plaintiffs filed a complaint in the Blackfeet Tribal Court and moved the District Court to defer jurisdiction to the Tribal Court, pursuant to Rule 41(a)(2), M.R.Civ.P. The District Court denied that motion.

The parties agreed to bifurcate the liability and damage portions of the trial. The plaintiffs were concerned about their ability to select a jury of nonmembers of the Glacier Electric Cooperative and, therefore, moved the District Court to change the place of the trial. On September 5, 1996, the District Court decided to try the first phase of the bifurcated case in Toole County. After a three-day trial in October 1996, the jury found by a special verdict that Glacier Electric had not been negligent.

## ISSUE 1

Did the District Court err when it failed to dismiss this case and defer to Tribal Court jurisdiction?

The decision whether to grant a motion for voluntary dismissal pursuant to Rule 41(a)(2), M.R.Civ.P., is within the discretion of the trial court, and we review the district court's decision to determine if the district court abused its discretion. See Petritz v. Albertsons, Inc. (1980), 187 Mont. 102, 107, 608 P.2d 1089, 1092. See also May v. First Nat'l Pawn Brokers, Ltd. (1995), 270 Mont. 132, 134, 890 P.2d 386, 388. "[T]he court should consider the expense and inconvenience that will result to the defendant, other prejudicial consequences, and whether terms and conditions attached to the dismissal may make the defendant reasonably whole." Petritz, 187 Mont. at 107, 608 P.2d at 1092.

Here, the plaintiffs brought their motion for a voluntary dismissal in October 1995, almost four years after they filed their original complaint and after considerable discovery and multiple proceedings had occurred. The District Court considered the "significant efforts and expense" incurred by Glacier Electric to prepare for trial in the years prior to the plaintiffs' motion, and it also found that the plaintiffs had not been diligent in their efforts to bring this case to trial. Based on these considerations, the District Court found unpersuasive the plaintiffs' preference for another forum.

The parties agree that the District Court and the Tribal Court have concurrent jurisdiction and, therefore, that it was appropriate for the District Court to consider the nature of the claim. Plaintiffs concede that, even though they are enrolled Tribal

members and the home was on Tribal land, this action does not involve any special issues
of Blackfeet sovereignty or issues that require the unique expertise of the Tribal Court.
The plaintiffs maintained significant control of this action from the time that they initiated
it, and they chose not to seek Tribal jurisdiction until almost four years after its commencement. Accordingly, we conclude that the District Court did not abuse its discretion when it denied the plaintiffs' motion to dismiss and remand to the Tribal Court.

ISSUE 2

Did the District Court err when it denied the plaintiffs' attempts to introduce evidence of and instruct the jury regarding the National Electrical Code and the National
Electrical Safety Code?

The standard of review of a district court's refusal to give jury instructions is
whether the district court abused its discretion. See Northwest Truck & Trailer Sales,
Inc. v. Dvorak (1994), 269 Mont. 150, 157, 887 P.2d 260, 264. A district court has broad discretion regarding the instructions it gives or refuses to give to a jury. See Savik
v. Entech, Inc. (1996), 278 Mont. 152, 158, 923 P.2d 1091, 1095; Lacock v. 4B's Restaurants, Inc. (1996), 277 Mont. 17, 20, 919 P.2d 373, 375.

The plaintiffs contend that the District Court erred when it disallowed their proposed jury instructions regarding the NEC and the NESC. Glacier Electric, on the other hand, contends that the instructions were properly withheld from the jury because
the plaintiffs failed to present any evidence at trial regarding the NEC or the NESC. We
stated in King v. Zimmerman (1994), 266 Mont. 54, 64, 878 P.2d 895, 902, that "[a] party [is] not prejudiced by a refusal of his proposed instructions where the subject matter
of the instruction is not applicable to the pleadings and facts, or not supported by the
evidence introduced at trial." See also Busta v. Columbus Hosp. Corp. (1996), 276 Mont. 342, 359-60, 916 P.2d 122, 132; Cottrell v. Burlington N. R.R. Co. (1993), 261 Mont. 296, 306, 863 P.2d 381, 387.

Upon review of the record, we agree with the District Court and conclude that although the plaintiffs at certain times during the trial referred to the NEC or the NESC,
at no time did they offer evidence of how either standard applies to the alleged facts of
this case such that it would merit an instruction to the jury or be relevant to their deliberation. Therefore, we conclude that the District Court did not abuse its discretion
when it denied the proposed jury instructions.

The plaintiffs assert that they attempted, through expert testimony, to introduce
evidence of the NEC and the NESC at trial, but that the District Court improperly denied

those attempts.  We stated in Busta, 276 Mont. at 353, 916 P.2d at 128, that a district
court has broad discretion to determine if evidence is admissible, and absent an abuse of
discretion, we will not reverse the district court's determination.  Furthermore, "all
questions of law, including the admissibility of testimony, [and] the facts preliminary to
such admission . . . must be decided by the court."  Section 26-1-201, MCA.

Here, the District Court stated that "[the plaintiffs' expert] will not be allowed to
testify as to the legal burdens that [the NEC and the NESC] impose upon the Co-op . . . . That's a legal conclusion and he doesn't get to testify on that."  See generally Crow
Tribe of Indians v. Racicot (9th Cir. 1996), 87 F.3d 1039, 1045 (stating that the role of
expert testimony is to interpret and analyze factual evidence, not to testify about the law).
We conclude after a review of the record that the District Court did not abuse its
discretion when it excluded the testimony based on its determination that there were
insufficient factual grounds to establish the relevancy of the NEC and the NESC, and
furthermore, that the plaintiffs' expert testimony regarding the NEC and the NESC was
directed to a question of law.  We affirm the District Court's evidentiary rulings
regarding the NEC and the NESC and its subsequent denial of proposed jury instructions
related to those sources.

## ISSUE 3

Did the District Court err when it held that the doctrine of negligence per se did
not apply?

We review a district court's conclusion of law to determine whether its
interpretation of the law is correct.  See Carbon County v. Union Reserve Coal Co.
(1995), 271 Mont. 459, 469, 898 P.2d 680, 686.  See also Kreger v. Francis (1995), 271
Mont. 444, 447, 898 P.2d 672, 674; Steer, Inc. v. Department of Revenue (1990), 245
Mont. 470, 474-75, 803 P.2d 601, 603-04.

The plaintiffs moved for a directed verdict at the conclusion of the evidence. They
relied on testimony that the Glacier Electric linemen violated certain company procedures
when they repaired the damaged wires, and asserted that those violations constituted
negligence per se.  Although the record supports the plaintiffs' contention that the
linemen, in fact, violated company procedures during their repairs at the Harwood home,
the District Court denied the motion based upon the issue of causation.  Thereafter, the
plaintiffs proposed that the jury be instructed regarding negligence per se; however, the
District Court denied the instructions.  The District Court stated that the plaintiffs failed
to satisfy the essential elements of negligence per se in Montana law and, therefore, were

not entitled to an instruction on that theory of liability.

Negligence per se requires that: (1) the defendant violated a particular statute; (2) the statute was enacted to protect a specific class of persons; (3) the plaintiff is a member of that class; (4) the plaintiff's injury is of the sort which the statute was enacted to prevent; and (5) the statute was intended to regulate members of the defendant's class. See Patten v. Raddatz (1995), 271 Mont. 276, 283-84, 895 P.2d 633, 638; Hislop v. Cady (1993), 261 Mont. 243, 247, 862 P.2d 388, 391. In order to impute liability to a defendant as a matter of negligence per se, this Court has repeatedly stated that the defendant must have violated a statute, as opposed to merely an administrative regulation, safety code, or professional standard. See Thayer v. Hicks (1990), 243 Mont. 138, 150, 793 P.2d 784, 792; Taylor, Thon, Thompson & Peterson v. Cannaday (1988), 230 Mont. 151, 155, 749 P.2d 63, 65-66; Cash v. Otis Elevator Co. (1984), 210 Mont. 319, 326-27, 684 P.2d 1041, 1045; Stepanek v. Kober Constr. (1981), 191 Mont. 430, 438, 625 P.2d 51, 56. The violation of a non-statutory standard may be used as evidence of negligence, but it is insufficient grounds on which to find the defendant negligent per se. Thayer, 243 Mont. at 150, 793 P.2d at 792; Cannaday, 230 Mont. at 155, 749 P.2d at 66; Cash, 210 Mont. at 326-27, 684 P.2d at 1045.

The plaintiffs failed at trial to assert that the linemen had violated any statute. Nonetheless, they contend that the Glacier Electric policies are in fact statutory, based upon Glacier Electric's status as a licensed Montana corporation and its attendant obligation to follow its own corporate bylaws and procedures. We decline to recognize such a tenuous connection as sufficient grounds to elevate what are essentially just a private corporation's internally created rules to the same status as a statute passed or a code adopted by this State's Legislature. Accordingly, we hold that the plaintiffs do not allege the threshold elements of a negligence per se claim, and that the District Court was correct when it refused to direct the verdict or offer jury instructions based on negligence per se.

ISSUE 4

Did the District Court err when it denied admission of several items of evidence offered by the plaintiffs?

We review a district court's evidentiary rulings to determine whether the district court abused its discretion. Busta, 276 Mont. at 353, 916 P.2d at 128; Galbreath v. Golden Sunlight Mines, Inc. (1995), 270 Mont. 19, 22, 890 P.2d 382, 384.

First, the plaintiffs sought to introduce a video of their expert witness

conducting
an experiment with wires to demonstrate evidence of arcing, and then again to rebut
testimony from the Glacier Electric expert.  Wire arcing generally involves a small flow
of electricity between two wires, which, although usually not capable of blowing a circuit
breaker, is able to create intense heat of up to 4000 degrees Fahrenheit.  Plaintiffs alleged
that the fire occurred after the wires in the house had been damaged and then arced.
Based on the plaintiffs' failure to establish an adequate foundation for the video, the
District Court refused to allow its use.

Plaintiffs contend that arcing was a legitimate issue at trial and, as such, that they
should have been allowed to present the video demonstration for the jury's understanding.
However, Glacier Electric alleged and the plaintiffs did not deny that the conditions of
the arcing experiment in the video differed significantly from the conditions at the
Harwood home.

We have held that to provide a proper foundation for demonstrative evidence of
an experiment, the offering party must establish that the experiment was conducted in
substantially similar conditions to the conditions at the time of the original occurrence.
See Richardson v. Farmers Union Oil Co. (1957), 131 Mont. 535, 548, 312 P.2d 134,
142.  See also Barmeyer v. Montana Power Co. (1983), 202 Mont. 185, 194-95, 657
P.2d 594, 599; Bernhard v. Lincoln County (1968), 150 Mont. 557, 561, 437 P.2d 377,
380.  Moreover, the admissibility of evidence of an experiment depends on whether it
would assist the jury to more intelligently consider the issue.  See Barmeyer 202 Mont.
at 194-95, 657 P.2d at 599. Here, we hold that the District Court did not abuse its
discretion when it found that the conditions in the experiment were not similar enough
to establish a foundation for the video, and when, based upon the substantial expert
testimony already presented, it found that the jury had heard sufficient testimony to
understand the concept of arcing and did not need a further demonstration.

Second, the plaintiffs also sought to submit as an exhibit asbestos shingles from
the Harwood home.  An investigator for the plaintiffs testified that he had retrieved the
shingles from inside the home's foundation after the fire.  The record reveals that
although all the shingles on the home were of the same material, the shingles which the
plaintiffs offered as evidence had been cracked, broken apart, and pieced together again
by the investigator.  Glacier Electric objected to admission of the shingles as an exhibit,
but stipulated to their use as demonstrative evidence.  The District Court admitted them
for that purpose.

The plaintiffs contend that the District Court should have admitted the shingles
unconditionally because they were relevant to demonstrate that the wires may have

been

damaged by the sharp shingles and, therefore, been made more likely to arc.  The record

reflects that the plaintiffs could not show that the shingles which they sought to admit

were in fact the shingles that surrounded the area where the wires entered the home.

Therefore, it was not an abuse of discretion for the District Court to conclude that the

shingles offered were not in the same condition as those shingles which the wires may

have actually contacted.  As demonstrative evidence, the shingles still permitted the

plaintiffs to provide the jury with an understanding of the shingles' texture and their

potential for damaging the wires, without the risk of suggesting that the shingles at issue

were in the identical condition.  Accordingly, we conclude that the District Court did not

abuse its discretion when it limited the shingles' use as demonstrative evidence.

                                ISSUE 5

     Did the District Court engage in conduct prejudicial to the plaintiffs based on comments made during plaintiffs' closing argument?

     The standard of review of discretionary trial court rulings is abuse of discretion. See May v. First Nat'l Pawn Brokers, Ltd. (1995), 270 Mont. 132, 134, 890 P.2d 386, 388.  Discretionary trial court rulings include such things as trial administration issues, scope of cross-examination, post-trial motions, and similar rulings.  See Steer, Inc. v. Department of Revenue (1990), 245 Mont. 470, 475, 803 P.2d 601, 604.

     Here, the District Court interrupted the plaintiffs' closing argument and instructed counsel in chambers to "stop testifying" as to facts not in the record.  The District Court stated that some of the statements and demonstrations that the plaintiffs were making in their closing argument were not proven.  Before the plaintiffs continued their closing argument, the District Court instructed the jury as follows:

I previously instructed you on a couple of occasions, that what attorneys say or do in the course of opening arguments or closing arguments is not evidence.  The evidence in this case is what you have heard from witnesses who appeared in the witness box and from the exhibits which were admitted into evidence and those which you will take into the jury room.

The plaintiffs contend that the District Court's interruption of their argument and its subsequent instruction to the jury constituted interference and prejudiced the jury.

     Section 25-7-301(6), MCA, states in relevant part that "[c]ounsel, in arguing the case to the jury, may argue and comment upon the law of the case as given in the instructions of the court, as well as upon the evidence in the case."  Furthermore, it is

well-accepted that a party may not in his or her closing argument discuss or introduce
facts not previously proven. See, e.g., People v. Roberts (Cal. 1992), 826 P.2d 274, 294;
State v. Potts (Kan. 1970), 468 P.2d 78, 83.

Here, the District Court interrupted the closing argument when the plaintiffs' attorney began to discuss and demonstrate how the shingles allegedly cracked and wore the wire bare.  Upon review of the record, we conclude that the District Court did not err when it determined that the plaintiffs had failed to present any evidence that the wires were in fact cracked or stripped bare from the shingles.  Accordingly, we conclude that the District Court did not abuse its discretion when it interrupted the closing argument and directed the plaintiffs' attorney not to introduce or discuss evidence that was not already a matter of record.

As to the plaintiffs' assertion that the District Court inappropriately interrupted the closing argument and prejudiced their case, we conclude otherwise.  The court's statement to the jury made no specific reference to the statements in the plaintiffs' closing, nor to their theory of the case.  Its initial interruption of the argument in front of the jury was similarly benign:  "Excuse me, Mr. Flaherty, will you approach-- let's go into chambers.  Ladies and gentlemen of the jury, we'll be right back."  Therefore, we hold that the District Court did not abuse its discretion by its interruption and admonition during plaintiffs' closing argument.

ISSUE 6

Did the District Court deny the plaintiffs a fair trial?

The plaintiffs allege a number of other errors by the District Court, the cumulative result of which they assert was an unfair trial.  However, they cite no relevant legal authority in support of their claims.  Furthermore, after a review of the record, we conclude that their allegations that the District Court erred and acted with bias throughout the trial are without merit.  Accordingly, we hold that the District Court did not deny the plaintiffs a fair trial.

We affirm the judgment of the District Court.

/S/   TERRY N. TRIEWEILER

We Concur:

/S/  J. A.  TURNAGE
/S/  KARLA M. GRAY

/S/  W. WILLIAM LEAPHART
/S/  WILLIAM E. HUNT, SR.