No. 00-159

IN THE SUPREME COURT OF THE STATE OF MONTANA

2001 MT 110N

IN THE MATTER OF THE ESTATE OF

FLOYD R. (PEPPER) MARTIN, Deceased.

HELEN C. MARTIN,

Petitioner and Respondent,

v.

SUSAN MARTIN SCHOEBEL,

Personal Representative,

Respondent and Appellant.

APPEAL FROM: District Court of the First Judicial District,

In and for the County of Lewis and Clark,

Honorable Dorothy McCarter, Judge Presiding

COUNSEL OF RECORD:

For Appellant:

Gene A. Picotte, Attorney at Law, Helena, Montana

For Respondent:

Thomas K. Harlen, Harlen, Thompson & Parish, P.C., Helena, Montana

Submitted on Briefs: December 14, 2000

Decided: June 29, 2001

Filed:

_____

Clerk

Justice W. William Leaphart delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c) Montana Supreme Court 1996 Internal Operating Rules, the following decision shall not be cited as precedent but shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and to West Group in the quarterly table of noncitable cases issues by this Court.

¶2 This case arises from a Petition for Settlement and Liability of Personal Representative filed by Helen Martin (Helen) in connection with the administration of the estate of her husband, Floyd Martin. After the personal representative, Susan Schoebel (Schoebel), failed to respond to the petition and a subsequent show cause order, the First Judicial District Court awarded judgment against her in the amount of $36,234.07. Susan appeals the District Court's entry of judgment against her. We affirm.

## FACTUAL BACKGROUND

¶3 Floyd Martin died on July 30, 1993. The bulk of his estate consisted of a business which Schoebel, the estate's personal representative, attempted to operate over the course of the next seven years. Concerned that estate assets we being mismanaged, Helen petitioned the District Court for an accounting, to compel distribution, and to adjudicate individual liability of the personal representative.

¶4 A hearing on the petition was set for November 5, 1999. Notice was sent to Schoebel via her attorney of record but neither she nor her attorney appeared at the hearing. The District Court heard testimony from the petitioner and, at the conclusion of the hearing, ordered Schoebel to appear on November 23, 1999, and show cause why judgment should not be entered against her. This order to show cause was personally served on Schoebel and mailed to her attorney at his address of record.

¶5 In response, Schoebel filed a motion to vacate the District Court's show cause order, claiming that neither she nor her attorney received notice of the Petition or the November 5 hearing. The parties disputed-and continue to dispute-whether proper notice was sent and received but, in any case, Helen agreed to reset the hearing on the original petition for December 22, 1999. Helen's attorney sent Schoebel's attorney notice of the hearing by certified mail.

¶6 The matter came before the court as scheduled but, once again, neither Schoebel nor her attorney appeared. Schoebel contends that, although her attorney received and signed for the certified letter sent by opposing counsel, it did not contain notice of the hearing. Opposing counsel disputes this contention and has certified that service of notice was made.

¶7 The District Court then issued a second order requiring Schoebel to appear personally and show cause why judgment should not be entered against her. This order was issued directly by the District Court, and service was completed by regular mail to Schoebel and her attorney. On January 28, 2000, the final show cause order came before the District Court for a hearing. Schoebel's attorney was present, but Schoebel was not.

¶8 Once it was established that Schoebel was not going to appear, the District Court indicated that it was ready to enter judgment against her. Her attorney moved the District Court for an opportunity to cross-examine Helen's accounting expert. The District Court denied this request, saying that Schoebel had waived her right to cross-examine by failing to appear. The District Court then ordered judgment entered in the amount of $36,234.07.

¶9 Schoebel raises the following issues on appeal:

¶10 Issue 1. Was Schoebel denied due process because she did not receive sufficient notice of the hearing on the petition and the show cause order?

¶11 Issue 2. Did the District Court err when it denied Schoebel's motion to cross-examine Helen's expert witness at the January 28, 2000, show cause hearing?

## DISCUSSION

¶12 Schoebel claims that the judgment against her is void because it was entered without appropriate notice and because she was denied the right to confront witnesses against her.

# I. The Insufficient Notice Claims

¶13 Schoebel's due process claim contains two distinct parts. First, she contends that the District Court lacked personal jurisdiction over her because she was never personally served with notice of the December 22 hearing on the petition or the January 28 hearing on the show cause order. Second, she asserts that the due process clause of the Fourteenth Amendment requires *personal* service of notice if she is required to appear personally. We reject both of these arguments.

## A. Personal Jurisdiction

¶13 As a general rule, personal jurisdiction may be obtained only through strict compliance with Rule 4D, M.R.Civ.P., which governs service of process. *Blaskovich v. Blaskovich* (1991), 249 Mont. 248, 250, 815 P.2d 581, 582. However, where specific statutes provide for the method of service, those specifics govern over the general rules set out in the Montana Rules of Civil Procedure. Rule 4D(4), M.R.Civ.P.; *Taylor, Thon, Thompson & Peterson v. Cannaday* (1988), 230 Mont. 151, 155, 749 P.2d 63, 65. Montana's Uniform Probate Code specifically provides for service by certified, registered, or regular mail. Section 72-1-301(1), MCA. Where a person is represented by an attorney, service can be made either to the person himself or his attorney. Section 72-1-301(1), MCA; Rule 5(b), M.R.Civ.P.

¶14 The record indicates that Schoebel-either directly or through her attorney-received notice of the petition hearing and the show cause hearings by certified or first-class mail. Under § 71-1-301, MCA, this is sufficient notice to establish the District Court's personal jurisdiction.

## B. Due Process

¶16 Schoebel also contends that the absence of personal service deprived her of due process. She argues that "a court order or judgment purporting to compel personal action by the party against whom it operates has no compelling force unless served personally upon the party." In support of this contention, Schoebel cites *Hand v. Hand* (1957), 131 Mont. 571, 578, 312 P.2d 990, 994; *Application of Garrett* (1989), 142 Misc.2d 846, 538 N.Y.S.2d 919; and *Bear Lake County v. Budge* (Idaho 1904), 75 P. 614.

¶17 In *Hand*, the Court's decision was based on statutory notice provisions and not on any

due process analysis. *Hand*, 131 Mont. at 579, 312 P.2d at 994. *Garrett* dealt with a hearing to compel administration of psychotropic drugs. Service of notice was made to the doctor who sought to compel treatment and who then placed the notice in the patient's file without showing it to him. Under these special circumstances, the *Garrett* court held that notice was insufficient and personal service to the patient was required. Like the *Hand* court, the court in *Garrett* based its decision on statutory provisions and not the due process clause. In *Bear Lake County*, the Idaho Supreme Court did hold that due process requires personal service. However, it is clear from the court's discussion that, by personal service, it meant service by mail as opposed to service by publication: not hand delivery to the person being noticed. *Bear Lake County*, 75 P. at 617. In short, none of the cases cited by Schoebel support her contention that due process requires personal service.

## II. Cross-Examination

¶18 The District Court denied Schoebel's motion to cross-examine witnesses at the final show cause hearing, saying that she had waived this right by her failure to appear. On appeal, Schoebel contends that the District Court's refusal to allow cross-examination violated her Sixth Amendment right to confront witnesses against her. She contends that the petition and show cause hearing constitute a charge of "de facto criminal embezzlement" and is, therefore, "a criminal proceeding, requiring full constitutional protections."

¶19 First, we disagree with Schoebel's characterization of the proceeding. Helen's petition to determine liability of the personal representative is a civil proceeding between private parties. Second, the District Court determined that Schoebel waived her right to cross-examine by failing to appear, either personally or through her attorney at the December 22 hearing on the petition. Schoebel had an opportunity to confront adverse witnesses but failed to exercise it. A failure to exercise the right of cross-examination is deemed a waiver thereof. *See* 81 Am.Jur.2d Witness § 805.

¶20 The judgment of the District Court is affirmed.

/S/ W. WILLIAM LEAPHART

We concur:

/S/ KARLA M. GRAY

/S/ JAMES C. NELSON

/S/ TERRY N. TRIEWEILER

/S/ JIM REGNIER