**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID K. MANN; ELIZABETH S. MANN; DELANEY MANN; MACKENZIE MANN, <br><br> Plaintiffs - Appellants, <br><br> v. <br><br> REDMAN VAN & STORAGE CO., INC., <br><br> Defendant - Appellee. | No. 12-35373 <br><br> D.C. No. 9:10-cv-00128-DLC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Dana L. Christensen, Chief District Judge, Presiding

Submitted October 10, 2013[**]
Portland, Oregon

Before: SILVERMAN, W. FLETCHER, and CALLAHAN, Circuit Judges.

The Manns, Plaintiffs-Appellants, appeal from a district court's denial of

their Rule 59 motion for a new trial following a jury verdict in Defendant-Appellee

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Redman's favor. The Manns and defendant Redman's employee, Anderson, were involved in an accident in 2008. Anderson was driving a semi-truck on a two-lane highway. He slowed to make a left turn as the Manns attempted to pass Anderson's truck in the left lane. The two vehicles collided. The Manns brought suit against Anderson's trucking company alleging that the company's negligence had caused them serious injury. At trial they presented a variety of theories of negligence, including arguments that 1) Anderson's trailer's pigtail cables had detached and therefore the turn signal was not working at the time of the accident, in violation of Montana law, and 2) Redman had violated federal record-keeping, training, and testing regulations relating to Anderson. The jury found Redman not negligent. The Manns moved for a new trial, arguing that the verdict was against the weight of the evidence and that the district court improperly instructed the jury. The district court denied the motion, and the Manns appealed.

We review a district court's decision not to grant a new trial, its formulation of the jury instructions, and its decision not to give a proposed spoliation instruction all for abuse of discretion. *Kode v. Carlson*, 596 F.3d 608, 611 (9th Cir. 2010); *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002); *Millenkamp v. Davisco Foods Int'l, Inc.*, 562 F.3d 971, 981 (9th Cir. 2009).

The district court did not abuse its discretion in refusing to grant a new trial.

2

> [W]here the basis of a Rule 59 ruling is that the verdict is not against the weight of the evidence, the district court's denial of a Rule 59 motion is virtually unassailable. In such cases, we reverse for a clear abuse of discretion only where there is an *absolute absence of evidence* to support the jury's verdict.

*Kode*, 596 F.3d at 612 (emphasis in original) (citation and internal quotation marks omitted).

Plaintiffs argue that the jury's verdict, finding defendant was not negligent, is not supported by the evidence at trial because the truck driver admitted that the truck's pigtail cables had come undone, and therefore his turn signal was not working, constituting negligence per se. This is not a full description of the evidence. The truck driver also stated twice that he did not know whether the pigtail cables were connected at the time of the accident. The defense also presented evidence that it was extremely unlikely for the cables to detach under the circumstances.

The district court also did not abuse its discretion in refusing to instruct the jury that violation of a federal regulation constitutes negligence per se. This case is in diversity and is governed by Montana tort law. The Montana Supreme Court has held that violation of a statute can constitute negligence per se, but violation of a regulation cannot. *Harwood v. Glacier Elec. Coop.*, 949 P.2d 651, 656 (Mont.

1997).  Appellants provide no compelling reason to disregard this clear statement of Montana tort law.

Finally, the district court did not abuse its discretion in refusing to give a spoliation instruction.  Plaintiffs argued at trial that Redman had refused to turn over evidence of Anderson's training, citation record, and drug test(s).  This was in the alternative to plaintiffs' primary argument that Redman failed to provide adequate training or keep records.  The district court declined to give either of plaintiffs' proposed spoliation instructions, finding them confusing and concluding that either instruction would be an unfair comment on the evidence.  The district court allowed plaintiffs to argue that the jury should presume the evidence in the missing records was favorable to plaintiffs.  Given the wide latitude district courts have in instructing the jury, the district court did not abuse its discretion.  *See Glover v. BIC Corp.*, 6 F.3d 1318, 1327 (9th Cir. 1993).

**AFFIRMED.**